470 So.2d 336 (1985)
Lloyd L. LOUPE
v.
AVONDALE SHIPYARDS, et al.
No. 84-CA-683.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
Daniel J. Caruso and Rebecca L. Stafford, Simon, Peragine, Smith & Redferan, New Orleans, for American Optical Corp. et al., defendant-appellee.
*337 Donald M. Pierce, Rodney P. Vincent & Gary R. West, New Orleans, for Lloyd L. Loupe, plaintiff-appellant.
Thomas L. Gaudry, Jr., Gretna, for The Celotex Corp., D.C. Hoctel, W.H. Killeen and H.J. Boudreaux, defendants-appellees.
Michael T. Cali, New Orleans, for Zurich Ins. Co., defendant-appellee.
Scott E. Silbert, Metairie, for William Alexander, Peter Territo a/k/a Peter Theriot, Raymond Young & The Travelers Ins., defendants-appellees.
Thomas E. Loehn & Cynthia Conroy, Boggs, Loehn & Rodrigue, New Orleans, for Employers Commercial Union Ins. Co., defendants-appellees.
Joseph J. Lowenthal, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Avondale Shipyards, defendant-appellee.
Before BOUTALL, BOWES and DUFRESNE, JJ.
BOUTALL, Judge.
This appeal arises from a tort suit by a worker who contracted pneumoconiosis. From a judgment maintaining an exception of prescription and dismissing his suit against one of the defendants, the worker has taken this appeal.
Lloyd L. Loupe was employed by Celotex Corporation from 1947 to 1962 and Avondale Shipyards from 1965 to 1976, during which time he allegedly was exposed to toxic fibers and silica dust. He underwent a diagnostic study to determine the source of his increasing shortness of breath, and on July 2, 1982 he was discharged from West Jefferson Hospital with a diagnosis of interstitial fibrosis, respiratory insufficiency, chronic obstructive lung disease, and possible cardiac disease. In a letter to the plaintiff's attorney, his physician termed the diagnosis "mixed dust pneumoconiosis". Loupe sued for workers' compensation benefits on November 9, 1982, alleging total and permanent disability. More than a year later, on December 7, 1983, he filed suit for damages against Avondale and its executive officers, Celotex and its executive officers, American Optical Corporation (maker of the safety masks used by Loupe while employed) and the insurers of all parties. In response, American Optical raised an exception of the one year prescription against actions in tort as expressed in LSA-C.C. Art. 3536 (prior to 1984 amendment) and alternatively that in warranty expressed in LSA-C.C. Art. 2534. Judgment was rendered in favor of American Optical maintaining the exception, and, as amended, dismissing the demand against it. This appeal followed.
The issue before this court is the time the prescription period began to run.
The appellant's argument is that he was unaware of the connection between the face mask he used on the job and his disease. He alleged in his petition that the mask was defective in that excessive amounts of asbestos fiber penetrated the filter and the edges of the face piece, thus providing inadequate protection. The petition further alleges:
"... That these masks were marketed, advertised and sold by this defendant as providing necessary and adequate respiratory protection against the ill effects of asbestos and other dust exposures...."
As a defense against the exception of prescription the appellant invokes the principal of contra non valentum, which when applied prevents the running of liberative prescription under four circumstances, set out in Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979). The two circumstances alleged in this case, are stated at 1321:
"... Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action." [Italics omitted.]
and at 1322:
"... Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant...."
Loupe first alleges that American Optical intentionally and fraudulently misrepresented *338 its product, lulling him into a course of inaction. He relies upon the case of R.J. Reynolds Tobacco Company v. Hudson, 314 F.2d 776 (5th Cir.1963), where a summary judgment in favor of the defendant was reversed because there were material questions of fact as to the tobacco company's misconduct and the plaintiff's reliance on the alleged misrepresentations. This case is inapplicable to the one at hand, because the court had before it a summary judgment proceeding which determined only that a dispute of fact existed upon the record and affidavits, while here the parties had an opportunity to produce live witnesses or other evidence in support of or in opposition to their respective positions to permit the court to make an adjudication of the facts relating to prescription. Plaintiff also refers us to the application of the doctrine of contra non valentum in favor of the plaintiff in Nathan v. Carter, 372 So.2d 560 (La.1979), where uncontroverted evidence in the form of affidavits of blatant misrepresentation of a widow's rights by a representative of her deceased husband's employer was sufficient for the court to find that the defendant had intentionally acted to prevent the plaintiff from filing suit.
At trial of the exception in the case before us only the attorneys for the parties appeared. The record discloses no witnesses, no discovery whatever on the part of the plaintiff, and no answers to American Optical's interrogatories. The only documents entered into evidence are Loupe's separation notice from Avondale Shipyards, the petition for workmen's compensation, the discharge summary from West Jefferson Hospital dated July 2, 1982, a letter from the treating physician to Loupe's attorney dated August 3, 1982, and answers to Avondale's interrogatories filed in the worker's compensation suit. Obviously, none of the evidence pertains to the plaintiff's allegations against American Optical. Accordingly, the evidence demonstrates the prescriptive period had run, and we find no merit in the argument that American Optical's misrepresentations of its product lulled the plaintiff into inaction.
The appellant argues that in the event the court finds that American Optical did not induce plaintiff's inaction, prescription should not run until he became aware of a possible connection between the mask and his illness and of a cause of action against the manufacturer. Hebert v. Confederate Memorial Medical Center, 381 So.2d 545 (La.App. 2nd Cir.1980), is cited by plaintiff as a case where the exception he relies upon was applied. That court based its decision in the plaintiff's favor on extensive medical records as well as the live testimony of the plaintiff and his treating physician. The plaintiff in the instant case failed to show other than by allegations that he had no reason to suspect the mask was defective.
As noted above, Loupe's worker's compensation petition is part of the record and in it he clearly states that he was examined in July, 1982 and lung disease related to toxins in his work place was diagnosed. In Corsey v. State Dept. of Corrections, supra, the court explained that contra non valentum will not protect a plaintiff's claim from the running of prescription when his own willfulness or neglect caused his ignorance and said, at 1322:
"... [A] plaintiff will be deemed to know what he could by reasonable diligence have learned." [Citations omitted.]
The case of Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (1970), holds that constructive notice sufficient to put the plaintiff on guard and call for inquiry is tantamount to knowledge.
We conclude that as of July, 1982 Loupe was in possession of facts sufficient to put him on notice of the possibility that the mask had provided insufficient protection against the toxins in his work place. Accordingly, we hold that the doctrine of contra non valentum does not apply in this case, and prescription began to run on July 20, 1982. The damage suit filed on December 7, 1983 is untimelyLa.C.C. Art. 3536.
For the reasons stated above, the judgment appealed from is affirmed.
AFFIRMED.