650 So.2d 324 (1995)
Timothy Mark GROOM, et al.,
v.
ENERGY CORPORATION OF AMERICA, INC. and Equitable Petroleum Corp.
Nos. 94-CA-623, 94-CA-624.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1995.
*325 Gerald P. Webre, Metairie, for plaintiffs/appellants Timothy Mark Groom, et al.
P. Keith Daigle, Halpern & Daigle, Metairie, for defendants/appellees Energy Corp. of America, Inc. and Equitable Petroleum Corp.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiffs, Timothy Mark Groom, Albert E. Haas, Keith R. Plaisance, Sr. and Lee A. Johnson, appeal from a judgment granting peremptory exceptions of prescription filed by defendants, Energy Corporation of America, Inc. and Equitable Petroleum Corporation (hereinafter referred to as Energy). We affirm finding that the claims are prescribed, except for those claims files by Groom for actions occurring after March 27, 1984.
On March 27, 1987, Groom filed a back wage claim against his ex-employers for knowingly failing to pay wages and overtime due to him over a course of time, including specific acts occurring in 1973, 1974, 1979, 1980, 1981, 1982 and 1983. Groom alleged that he is due past wages in the amount of *326 $82,557.07. He amended his petition to increase the amount to $104,187.50, plus punitive damages and attorney fees allegedly recoverable under the Fair Labor Standards Act of 1938 (29 U.S.C. § 201, et seq.). The other plaintiffs filed similar suits on June 14, 1993, specifically alleging fraud, but not alleging dates of specific acts of Energy or specific amounts of unpaid wages due.
The record indicates that Energy is in the oil field business (drilling and production) and Groom, a general laborer or "roustabout", was employed from 1973 to 1986. According to their petition, Haas was employed from 1983 to 1986; Plaisance from 1983 to 1986 and Johnson from April 15, 1980 through August 20, 1980.
Energy countered the suits with peremptory exceptions of prescription to all claims, except those claims of Groom which occurred within three years of the filing date under the state wage claim prescriptive law and either two or three years under the federal law. Following a motion, the cases were consolidated. A hearing on the exceptions was held on April 15, 1994. No evidence was presented and after argument, the trial judge took the case under advisement. On April 25, 1994, the trial judge granted the exceptions and dismissed all claims, except those of Groom which occurred on or before March 27, 1984.
On appeal, plaintiffs assert that the trial judge erred because prescription was suspended by the doctrine of "contra non valentem agere nulla currit praescriptio." They contend that the date prescription begins to run is the date that they became aware that they had been deceptively and fraudulently underpaid and that this did not occur until shortly before each plaintiff filed suit.
Energy contends, on the other hand, that plaintiffs are not entitled to the benefits of the "contra non valentem" doctrine. In order to reap the benefit of the doctrine, Energy argues, they must assert some reason, not their fault, that caused them to be ignorant of the underlying facts which would put them on notice of their causes of action. Energy asserts that ignorance of one's legal right does not toll the running of prescription.
An action for the recovery of wages or salaries is subject to the liberative prescription of three years. La.C.C. art. 3494. The three year prescriptive period begins from the day payment is due, even if there is a continuation of labor or services. La.C.C. art. 3495.
"Contra non valentem agere nulla currit praescriptio" means that prescription does not run against a party unable to act. Wimberly v. Gatch, 93-C-2361, (La. 4/11/94), 635 So.2d 206, 211. It is a judicially created exception to the general rules of prescription. Id. at 211. The mainstay of the doctrine is equity and justice which demands that, under certain circumstances, prescription should be suspended because plaintiff was effectively barred from enforcing his rights for reasons external to his own will. Id. at 211.
Plaintiff bears the burden of showing why prescription has not run when the face of the petition reveals that the action is prescribed. Id. at 211. However, ignorance of one's legal rights does not toll the running of prescription. Shushan, Meyer, Jackson, et. al. v. Machella, 483 So.2d 1156 (La.App. 5th Cir.1986).
In Wimberly at 211, the Louisiana Supreme Court stated:
Generally, the doctrine of contra non valentem suspends prescription where the circumstances of the case fall into one of the following four categories:
1. Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
2. Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
3. Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
4. Where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
*327 Neither one nor two applies to this case. Three applies when defendant's own conduct prevents plaintiff from availing himself of his judicial remedies and four relates to discovery. Wimberly at 211. The latter provides that prescription begins on the date that the "injured party discovers or should have discovered the facts upon which his cause of action is based". Id. at 211. The precise point at which a plaintiff becomes aware of the facts sufficient for prescription to begin running is often difficult to identify, but the question is answered based on whether plaintiff was reasonable in delaying filing suit in light of his own information. Cole v. Celotex Corporation, 620 So.2d 1154, 1156-1157 (La.1993). These are factual questions which can only be determined by analysis of evidence.
The exception of prescription is a peremptory exception. La.C.C.P. art. 927. Evidence may be introduced to support or controvert the objection of prescription, when the grounds thereof do not appear from the petition. La.C.C.P. art. 931.
In this case, the petitions do not assert any facts which would support their claim that Energy's conduct prevented plaintiffs from availing themselves of their legal remedies. Neither was any evidence produced at the hearing on the exception to support the running of prescription, nor do the petitions assert facts showing when plaintiffs discovered that they were underpaid, etc. They simply assert that they were underpaid. Further, plaintiffs did not present any evidence at the hearing to show why they were unable to file suit timely, or when they discovered that they were underpaid. Their argument that the "contra non valentem..." doctrine applies is a legal conclusion, unsupported by evidence.
On the face of the petitions, it is apparent that plaintiffs had knowledge of the facts underlying their causes of action more than three years prior to suit. They received paychecks during the periods in question and in some instances, cited in Groom's petition, they knew that they were not receiving the allegedly proper wage treatment. Thus, we conclude that plaintiffs did not bear their burden of proving that prescription was suspended because of the doctrine of "contra non valentem ...".
Plaintiffs, Haas, Plaisance and Johnson terminated their relationship with Energy seven years prior to filing suit. Their claims are prescribed on the face of the petition and since the doctrine of "contra non valentem..." does not apply, we find that the trial judge did not err in dismissing their actions.
Plaintiff, Groom filed his suit on March 27, 1987. Thus, his claims for wages accruing prior to March 27, 1984 are also prescribed on the face of the petition. Like the other plaintiffs, he too failed to show that prescription was suspended based on "contra non valentem ...". Consequently, we find that the trial judge properly dismissed Groom's claims accruing prior to or on March 27, 1984.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs are to be paid by plaintiffs.
AFFIRMED.