678 So.2d 615 (1996)
Marilyn CARO, et al,
v.
BRADFORD WHITE CORP. and Louisiana Gas Service Company.
No. 96-CA-120.
Court of Appeal of Louisiana, Fifth Circuit.
July 30, 1996.
*616 Robert M. Murphy, Edward F. Downing, III, Bruce C. Dean, Gauthier & Murphy, Metairie, for plaintiffs/appellants, Marilyn Caro, et al.
Ernest P. Gieger, Jr., Sharon D. Smith, Mary Beth Meyer, Pulaski, Gieger & Laborde, New Orleans, for defendant/appellee, Bradford White Corporation.
Before BOWES, DUFRESNE and GOTHARD, JJ.
BOWES, Judge.
Plaintiffs/appellants, Marilyn Caro, wife of/and John Caro, individually and on behalf of their minor son, Danny Caro (hereinafter "the Caros"), appeal a judgment of the district court in favor of defendant, Bradford-White Corporation, granting their exception of prescription. We reverse and remand.

FACTS
On February 13, 1991, the Caros filed suit in the Twenty-Fourth Judicial District Court for damages which occurred in a fire in the Caro garage. The petition alleged that on March 17, 1982, a gas water heater manufactured by Republic Heater (who subsequently sold out to Bradford-White) ignited flammable vapors which caused a fire and/or explosion, resulting in severe and permanent damages to Danny and severe emotional distress to Marilyn Caro. In paragraph five of the petition, the Caros alleged that on February 13, 1990, John Caro learned for the first time that the water heater was defective, defectively designed, and contained inadequate warnings for the known risks. The paragraph continued:
Specifically, in February, 1990, petitioner learned of alternative designs of water heaters which would have prevented the catastrophic injury to Danny; devices provided by the manufacturer for elevating the water heaters in garages so as to avoid such injuries; the knowledge within the water heater industry prior to 1982; and, of the numerous similar instances like that involved in this case which could be avoided by designs and devices available to Republic and its successive owner Bradford-White.
In paragraph six, it was alleged that prior to February 13, 1990, petitioner Caro at no time considered the fact that the water heater was in any way defective and had insufficient knowledge of facts that would lead him to suspect defective design or (failure of adequate) warnings. Therefore, according to the petition:
... the prescriptive period in this claim did not begin to run until February 13, 1990.
Bradford-White filed an exception of prescription, averring that plaintiffs failed to file suit within one year from the date of the injury as provided by Louisiana Civil Code Article 3492.[1] Several documents were attached *617 to its memorandum in support of the exception, including (among other things) plaintiffs' response to a request for production of documents, a report from the fire department which investigated the incident, and excerpts from a deposition given by Cynthia Gauthreaux (a person not a party to the present proceedings) in an unrelated case.
The exception was submitted on memoranda and argument. In their opposition to the exception, plaintiffs submitted an affidavit by Mr. Caro, which recapitulated the allegations as to the date on which he learned that the water heater had defects. The trial court took the matter under advisement and later rendered judgment in favor of defendant, granting the exception of prescription. In its reasons for judgment, the court found that there was no interruption or suspension of prescription, and the doctrine of contra non valentum did not apply. It is from this judgment that plaintiffs appeal.
Plaintiffs aver that the trial court erred to the extent that it considered documents which were not formally introduced into evidence at the trial of the exceptions, most notably the excerpts from the Gauthreaux deposition.

ANALYSIS
Louisiana Civil Code Article 3492, like all prescription statutes, is strictly construed against prescription and in favor of the obligation sought to be extinguished by it. Bouterie v. Crane, 616 So.2d 657 (La. 1993); Bustamento v. Tucker, 607 So.2d 532 (La.1992). The burden of proof in an exception of prescription lies with the party asserting it; however, where the petition shows on its face that it has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended. Restrepo v. Fortunato, 556 So.2d 1362 (La.App. 5 Cir.1990), writ denied, 560 So.2d 11 (La.1990).
La.C.C.P. art. 931 states that on the trial of the peremptory exception prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true. Castaneda v. Louisiana Ins. Guar. Ass'n, 95-29 (La.App. 5 Cir. 5/30/95), 657 So.2d 338; National Union Fire Insurance Company v. Ward, 612 So.2d 964 (La.App. 2 Cir.1993).
The plaintiff has three theories upon which he may rely to establish prescription has not run: suspension, interruption or renunciation. Wimberly v, Gatch, 93-2361 (La. 4/11/94), 635 So.2d 206. The courts created the doctrine of contra non valentem, as an exception to the general rules of prescription. Bouterie, supra; Wimberly, supra.
Generally, the doctrine of contra non valentem suspends prescription where the circumstances of the case fall into one of four categories, only one of which is applicable to the present case, that is, where some cause of action is not known, or reasonably knowable, by the plaintiff, even though his ignorance is not induced by the defendant. See Rajnowski v. St. Patrick's Hospital, 564 So.2d 671, 674 (La.1990); Whitnell v. Menville, 540 So.2d 304 (La.1989).
The fourth category, commonly known as the "discovery rule," provides that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based. Hence, prescription does not accrue as it does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent or unreasonable.

Wimberly, supra, at pp 211-212 [citations omitted]. Also see Hospital Service Dist. No. 1 of Jefferson Parish v. Alas, 94-897 (La.App. 5 Cir. 6/28/95), 657 So.2d 1378.
In Hospital Service Dist. No. 1 of Jefferson Parish v. Alas, supra, we elaborated on the discovery rule thusly:

*618 For purposes of the discovery doctrine of contra non valentum, a plaintiff will be deemed to know that which he could have learned from reasonable diligence. LaPlaque Corp. v. Chevron, USA, Inc., 638 So.2d 354 (La.App. 4 Cir.1994). `If an opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and he fails or refuses to profit by it, if he closes his eyes to the notice spread before him and shuts his ears to oral information directly imparted to him, the law will hold him as bound by the same, and as fully notified as if he had taken thorough personal cognizance at the time of the information imparted and of the notice given.' Id., at p. 1383, citing Bory v. Knox, 38 La.Ann. 379 (La.1886). [Emphasis supplied].
In Groom v. Energy Corp. of America, Inc., 94-623 (La.App. 5 Cir. 1/18/95), 650 So.2d 324 we stated:
The precise point at which a plaintiff becomes aware of the facts sufficient for prescription to begin running is often difficult to identify, but the question is answered based on whether plaintiff was reasonable in delaying filing suit in light of his own information. Cole v. Celotex Corporation, 620 So.2d 1154, 1156-1157 (La.1993). These are factual questions which can only be determined by analysis of evidence. [Emphasis supplied].
In the present case, no evidence was introduced at the hearing on the exception; rather, as previously stated, the exception was submitted on oral argument and memoranda of law. Documents attached to memoranda do not constitute evidence and cannot be considered on appeal. Gulf Coast Bank and Trust Co. v. Eckert, 95-156 (La.App. 5 Cir. 5/30/95), 656 So.2d 1081, citing City of Eunice v. CLM Equipment Co., Inc., 505 So.2d 976, 978 (La.App. 3 Cir.1987).
Therefore we are required to determine the appeal considering only the allegations in the petition, and all allegations must be accepted as true. Castaneda, supra. In this regard we note the paragraphs, referred to hereinabove, in which the plaintiffs averred that they had insufficient knowledge of facts that would lead them to suspect defective design, or (failure of adequate) warnings, and that Mr. Caro learned in February of 1990 of alternative designs which would have prevented the injuries and that these designs had been available to the manufacturer.
The above allegations make it apparent that the petition has not prescribed on its face. See Chaney v. State Through Dept. of Health and Human Resources, 432 So.2d 256 (La.1983). There, the alleged malpractice occurred in 1978 and 1979, but suit was not filed until 1981. The court found that the action had not prescribed on its face when plaintiff made the allegation in the petition that she did not learn the cause of her problems until 1981, and suit was filed within one year of that date.
Furthermore, we are of the opinion that even we were to consider the exhibits as having been introduced into evidence, the exception would fail. We have interpreted the word "evidence," as used in article 931, to mean competent legal evidence. Boneno v. Lasseigne, 514 So.2d 276, (La.App. 5 Cir. 1987). In Boneno, supra, we held that a sworn affidavit is hearsay and is, therefore, not competent evidence unless its use is specifically authorized by statute; there is no such statutory exception permitting the use of affidavits in a trial of a peremptory exception of prescription. Hence, even had the affidavit been admitted, it would have been improper to consider it.
Similarly, the deposition of Mrs. Gauthreaux was inadmissable as evidence on the exception of prescription. That deposition was taken in an entirely different proceeding at which plaintiffs were neither involved nor present. Under La.C.C.P. art. 1450, any part or all of a deposition, so far as admissible under the Louisiana Code of Evidence may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof. The Caros, plaintiffs-appellants here, were not involved in the Gauthreaux suit in which Mrs. Gauthreaux's deposition was taken, nor were they present or represented.
*619 Further, the use of a deposition of a witness who is not a party is limited to specific conditions not present in the case at bar.[2] See e.g. Boneno, supra. Neither does the deposition come under the hearsay exceptions enumerated in La.C.E. arts. 803 or 804. Article 804 discusses the occasion when the declarant is unavailable in pertinent part as follows:
(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a party with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

We also are of the opinion that the same reasons which make the deposition excerpts in admissable under article 1403 of the Code of Civil Procedure make it also in admissable under the Code of Evidence.
The answers to interrogatories, and the copy of the report of the fire department, do not support the defendant's exception at this stage of the proceedings. Defendants aver that photographs of the accident scene, and the fire report listing the source of the ignition as the water heater, constituted constructive notice to plaintiffs and that they failed in their duty to investigate the matter. We disagree. Based solely on the limited information in these documents, we do not find that plaintiffs were unreasonable, willful, or negligent in discovering the allegedly defective design of the water heater as the cause of their injuries and damages.
It appears to us that a full evidentiary hearing, either of the exception or the trial on the merits, is necessary to develop facts relevant to the issue of prescription here. We cannot, however, remand the case to permit solely the formal introduction of the "evidence" attached to the memorandum in order to supplement the record. See Gulf Coast Bank and Trust Co. v. Eckert, supra. Neither do we find, as suggested by defendant, that requiring the formal introduction of evidence would be a pointless exercise. However, based on the record on appeal, we find there is a valid question as to the actual and/or constructive knowledge of the plaintiffs concerning the questions discussed above and concerning the applicability of the doctrine of contra non valentum which must be determined in further proceedings in the trial court. We remand the case for further proceedings; further, we instruct the trial court to allow the plaintiffs to amend the petition, if they can, to allege that their ignorance of the pertinent facts was not unreasonable, willful or negligent.

DECREE
For the foregoing reasons, the judgment maintaining the exception of prescription is reversed and the case is remanded for further proceedings consistent with this opinion. Appellee is assessed all costs of this appeal.
REVERSED AND REMANDED.
DUFRESNE, J., concurs.
DUFRESNE, Judge, concurs.
I respectfully concur.
NOTES
[1] La.C.C. art. 3492 reads in pertinent part as follows:

Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
[2] La.C.C.P. 1450(3) reads in pertinent part as follows:

The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
(a) That the witness is unavailable;
(b) That the witness resides at a distance greater than one hundred miles from the place of trial or hearing or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or
(c) Upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.