731 So.2d 919 (1999)
Sherrill J. TURNAGE, et vir.
v.
COLUMBIA LAKESIDE HOSPITAL.
No. 98-CA-1263.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1999.
*920 John L. Hammons, Cornell R. Flournoy, Shreveport, Louisiana, Attorneys for Appellants.
Celeste Brustowicz, New Orleans, Louisiana, Attorney for Appellee.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and MARION F. EDWARDS.
EDWARDS, Judge.
Plaintiff/appellant Sherrill J. Turnage appeals the ruling of the trial court granting defendant/appellee Columbia Lakeside Hospital's Exception of Prescription and declaring plaintiff's Motion for Partial Summary Judgment moot. For the following reasons, we affirm.
On April 30, 1975, plaintiff was admitted to Lakeside Hospital for the delivery of her fourth child. Complications ensued and a blood transfusion was required to save plaintiff's life. Six weeks after her discharge, plaintiff's health began to deteriorate. Plaintiff was readmitted to Lakeside Hospital to test for hepatitis. She was tested for Hepatitis A and Hepatitis B, the only two strains of the hepatitis virus known at that time. The results were negative. Plaintiff was diagnosed with Hepatitis non-A/non-B. Plaintiff and her doctors believed at that time, as they do today, that the hepatitis was contracted from the blood used in the blood transfusion at Lakeside Hospital.
Plaintiff's health improved over the next few months, however she did not enjoy good health and suffered liver problems periodically over the next twenty years. Whenever she was examined by a physician over these intervening years, plaintiff related to these doctors that her health problems stemmed from the hepatitis *921 she contracted from a blood transfusion in 1975.
Plaintiff began to suffer from elevated liver enzymes and was diagnosed with such in 1985 or 1986. However, plaintiff did not visit a specialist until 1996 when she was diagnosed with Hepatitis C by Dr. David Dies at the LSU Medical Center. The Hepatitis C disease strain was not officially identified until 1989.
Plaintiff filed a Petition for Damages against defendant Lakeside Hospital on December 19, 1996, within one year from her being diagnosed with Hepatitis C. Defendant filed an Exception of Prescription on March 30, 1998. Plaintiff then filed a Motion for Partial Summary Judgment on the Issue of Liability on April 13, 1998. A hearing was held on the two pleadings in question on June 23, 1998 in front of the Honorable Henry G. Sullivan, Jr. of the 24th Judicial District Court. After the hearing on the merits, the trial court issued a Judgment on Exceptions on June 29, 1998, granting the Exception of Prescription and declaring the Motion for Partial Summary Judgment moot. Plaintiff filed a Motion and Order for Devolutive Appeal on August 28, 1998. The matter is now before this Court for review.

LAW AND ANALYSIS
The plaintiff asserts two assignments of error for review. The first assignment is that the trial court erred in dismissing the case on the grounds of prescription in contravention of the doctrine of contra non valentem. The second assignment is that the trial court erred in failing to grant plaintiff's Motion for Partial Summary Judgment on the Issue of Liability when there are no material facts in dispute as to the liability of the defendant.
The standard of review is whether the trial court was manifestly erroneous or clearly wrong. A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). The issue is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was reasonable. Id. at 882.
Plaintiff's first assignment of error is that the trial court erred in dismissing the case on the grounds of prescription. LSA-C.C. art. 3492 provides that delictual actions are subject to a liberative prescription of one year. Cole v. Celotex Corp., 620 So.2d 1154 (La.1993); Smith v. Mine Safety Appliances, 93-706 (La.App. 5th Cir. 1/25/94), 631 So.2d 1251. This prescription commences to run from the day injury or damage is sustained. Cole v. Celotex, 620 So.2d at 1157. Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action. Id. Plaintiff asserts the doctrine of contra non valentem as an exception to this article. The doctrine of contra non valentem agere nulla currit praescriptio prevents the running of liberative prescription where the cause of action is not known or reasonably knowable by the plaintiff. Id. Plaintiff alleges that the cause of action did not begin to accrue until she was diagnosed with Hepatitis C in 1996.
The courts created the doctrine of contra non valentem as an exception to the general rules of prescription. Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206. Generally, the doctrine of contra non valentem suspends prescription where the circumstances of the case fall into one of four categories. Id. at 211; Caro v. Bradford White Corp., 96-120 (La. App. 5th Cir. 7/30/96), 678 So.2d 615. The fourth category, commonly known as the discovery rule, provides that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based. Wimberly v. Gatch, 635 So.2d at 211; Caro v. Bradford White Corp., 678 So.2d at 617. Hence, prescription does not *922 accrue. It does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent, and unreasonable. Wimberly, supra; Caro, supra.
Plaintiff alleges that the injury was not discovered until 1996, even though the blood transfusion took place in 1975 and she had suffered ill health periodically over the intervening years. Therefore, plaintiff contends that the doctrine of contra non valentem should apply to this case and prescription should have been suspended until 1996 when she was diagnosed with Hepatitis C.
The burden of proof in an exception of prescription lies with the party asserting it. However, where the petition shows on its face that it has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended. Caro, supra.
The burden of proof is on the plaintiff to prove that she did not discover her condition until 1996. For purposes of the discovery doctrine of contra non valentem, a plaintiff will be deemed to know that which she could have learned from reasonable diligence. Hospital Service Dist. No. 1 of Jefferson Parish v. Alas, 94-897 (La.App. 5th Cir. 6/28/95), 657 So.2d 1378. The plaintiff must show that she did not know of facts upon which to base a claim nor did she have reason to know or discover such facts, and that the lack of knowledge is not attributable to her fault. Id.
The plaintiff in this case knew that she had hepatitis in 1975. The doctors did not diagnose her with Hepatitis C, which was unknown at the time, but they did diagnose a form of hepatitis which was probably a result of the blood transfusion. Therefore, plaintiff had knowledge of her condition as far back as 1975, and the doctrine of contra non valentem is not applicable in this case. See Loupe v. Avondale Shipyards, 470 So.2d 336 (La. App. 5th Cir.1985). The plaintiff has not born her burden of proof and the trial court correctly granted the exception of prescription. Absent manifest error, we must affirm the ruling of the trial court.
Plaintiff's second assignment of error is that the trial court erred in declaring her Motion for Partial Summary Judgment on the Issue of Liability moot. The trial court did not err in declaring the motion moot. The cause of action had prescribed. We affirm the ruling of the trial court.
In summary, it is the opinion of this Court that the trial court correctly granted the Exception of Prescription filed by the defendant. The cause of action had prescribed on its face and the plaintiff failed to prove that the doctrine of contra non valentem was applicable. The trial court did not err in declaring the Motion for Partial Summary Judgment on the Issue of Liability moot because the cause of action had prescribed and the case was dismissed. The ruling of the trial court is affirmed.
AFFIRMED.