United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30148
Summary Calendar

_____

JESSIE JERMAINE BELL,

Plaintiff-Appellant,

versus

CITY OF BATON ROUGE; ET AL.,

Defendants,

CITY OF BATON ROUGE; EUGENE SMITH,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-952
--------------------

Before BARKSDALE, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jessie Jermaine Bell appeals the district court's summary-judgment dismissal of his 42 U.S.C. § 1983 action.

Bell contends that his lawsuit was not time-barred because he had been incarcerated for 10 months and did not consult with a private attorney about a possible lawsuit during that time. Louisiana does not have a tolling provision based on a plaintiff's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment. <u>See</u> <u>Kissinger v. Foti</u>, 544 F.2d 1257, 1258 (5th Cir. 1977). Furthermore, ignorance of the law does not toll the limitations period. <u>See</u> <u>Groom v. Energy Corp. of Am.</u>, 650 So. 2d 324, 326 (La. Ct. App. 1995).

Bell further argues that the district court's dismissal of his complaint on statute-of-limitations grounds violated the due process clause. Bell has not satisfied his burden of demonstrating that the legislature acted in an arbitrary and irrational manner. <u>See</u> <u>Seoane v. Ortho Pharms., Inc.</u>, 660 F.2d 146, 151 (5th Cir. 1981). The one-year prescriptive period for filing a 42 U.S.C. § 1983 complaint does not violate Bell's due process rights. <u>See</u> <u>Montagino v. Canale</u>, 792 F.2d 554, 557-58 (5th Cir. 1986) (medical malpractice case); <u>Wayne v. Tenn. Valley Auth.</u>, 730 F.2d 392, 404 (5th Cir. 1984) (products liability case). The district court did not err in awarding summary judgment to the City of Baton Rouge and Smith.

AFFIRMED.