**BILLY BOMBACE**      *      **NO. 2025-CA-0037**

**VERSUS**      *

     **COURT OF APPEAL**

**STARR INDEMNITY &**      *
**LIABILITY COMPANY,**      **FOURTH CIRCUIT**
**COMMAND CONSTRUCTION,**      *
**L.L.C., AND SCOTT**      **STATE OF LOUISIANA**
**VULCANO**      * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-07211, DIVISION "J"
Honorable D. Nicole Sheppard, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge
Rachael D. Johnson)

Darryl M. Breaux
Evan A. Breaux
Kristen O. Hartley
BREAUX LAW FIRM
111 Veterans Memorial Blvd., Suite 1820
Metairie, LA 70005

     COUNSEL FOR PLAINTIFF/APPELLANT, Billy Bombace

Emily E. Eagan
Jared L. Shurman
LABORDE SIEGEL LLC
701 Poydras Street, Suite 4800
New Orleans, LA 70139

     COUNSEL FOR DEFENDANTS/APPELLEES, Starr Indemnity &
Liability Company, Command Construction, L.L.C. and Scott Vulcano

     **JUDGMENT VACATED; REMANDED**
     **JUNE 24, 2025**

DNA

TGC

RDJ

This dispute stems from a personal injury claim for alleged damages arising from a motor vehicle accident. Appellant, Billy Bombace ("Mr. Bombace"), seeks review of the trial court's October 17, 2024 judgment, which granted the Exception of No Right of Action filed by Appellees, Starr Indemnity & Liability Company ("Starr"), Command Construction, L.L.C. ("Command Construction"), and Scott Vulcano ("Mr. Vulcano") (collectively "Appellees"). The judgment also dismissed Mr. Bombace's claims against Appellees with prejudice. For the following reasons, we vacate the trial court's October 17, 2024 judgment and remand this matter for further proceedings.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

**<u>Petition for Damages and Answer</u>**

On July 27, 2023, Mr. Bombace filed a Petition for Damages ("Petition") in Civil District Court for the Parish of Orleans, wherein he named Appellees as defendants. Mr. Bombace alleged he sustained "severe and disabling injuries to his body" on or about May 22, 2023, when the vehicle Mr. Vulcano was driving (a 2017 Kenworth truck bearing Louisiana license number C425766, hereinafter "Kenworth truck") struck the rear of the vehicle he was driving (a 2000 Peterbilt

truck bearing Louisiana license number Z364678, hereinafter "Peterbilt truck"). Mr. Bombace asserted the accident was caused by Mr. Vulcano's negligence, particularly in failing to keep his vehicle under control; failing to see what he should have seen; failing to avoid a collision; following too closely; and careless operation of the Kenworth Truck. Mr. Bombace further alleged Mr. Vulcano "was in the course and scope of his employment with" Command Construction at the time of the accident. Regarding Command Construction, Mr. Bombace alleged it was liable for his injuries under the doctrine of respondeat superior because it "failed to adequately train, monitor, supervise, and instruct its drivers and operators, including" Mr. Vulcano, "in the appropriate, safe, and proper [means] of operation [of] its vehicles" and "failed to insure proper credentials, skill, and abilities of its drivers." Additionally, Mr. Bombace contended that Starr insured the Kenworth truck under a policy in effect at the time of the subject accident. On October 12, 2023, Appellees filed an "Answer and Affirmative Defenses" ("Answer"), wherein they admitted that Mr. Vulcano was an employee of Command Construction and that Starr insured the Kenworth truck at the time of the accident.[1]

### Amending Petition

On May 17, 2024, Mr. Bombace and Jose Cruz ("Mr. Cruz"), for and on behalf of Black Bayou Pools and Construction, LLC ("Black Bayou Pools") (collectively "Petitioners"), filed a First Supplemental and Amending Petition for Damages ("Amending Petition"). In their Amending Petition, Petitioners added Mr. Cruz and Black Bayou Pools to the case caption as plaintiffs. Petitioners

---

[1] According to Appellees, Policy No. 1000673005231 was effective from May 9, 2023 through May 9, 2024

2

alleged in the Amending Petition that when Mr. Bombace was involved in the subject accident, he was driving the Peterbilt truck, which was owned by Mr. Cruz for and on behalf of Black Bayou Pools. Petitioners further averred the Peterbilt truck incurred property damage in the accident.

**Appellees' Peremptory Exception of No Right of Action**

Subsequently, on August 9, 2024, Appellees filed a Peremptory Exception of No Right of Action ("Exception") with six exhibits attached to their memorandum in support. The six exhibits were four videos, including dashboard camera footage from the Kenworth truck and body camera footage from the investigating officers (described below); Mr. Bombace's driver's license; and an affidavit from Derek Commander, who identified himself as the owner of Command Construction.[2]

In their Exception, Appellees argued "Louisiana law extends no remedy to [Mr.] Bombace as he was in no way, shape, or form involved in the subject accident." Rather, according to Appellees, approximately two minutes after the accident occurred, dashboard camera footage from the Kenworth truck showed a man exit the driver's side of the Peterbilt truck. Appellees described him as "short, Hispanic/non-white male wearing a black shirt, grey sweatpants, a baseball hat and white shoes" based on the footage. Appellees also stated that body camera footage worn by Officer Ryan Smith of the Kenner Police Department ("Officer Smith") showed Mr. Vulcano speaking with Officer Smith after the accident and explaining that the man who exited the driver's side of the Peterbilt truck left the scene when Mr. Vulcano stated he was reporting the accident to the police. Appellees contend

_____

[2] Derek Commander confirmed Mr. Vulcano was in the course and scope of his employment with Command Construction at the time of the accident. He also confirmed that the dashboard camera footage of the subject accident was regularly kept in the ordinary course of business for Command Construction and submitted to Officer Michael Vega of the Kenner Police Department after the subject accident.

that during this discussion captured on Officer Smith's body camera footage, Mr. Vulcano stated he received a copy of a driver's license belonging to a man in his late forties from the man who exited the driver's side of the Peterbilt truck before he departed. According to Appellees, Mr. Vulcano then explained that, contrary to the age on the driver's license, the man "appeared to be in his mid-twenties." As explained by Appellees, Officer Smith's body camera footage then showed Mr. Cruz arriving on the accident scene; identifying himself as the owner of the Peterbilt truck and as the boss of the driver of the Peterbilt truck; and providing an explanation "that the unknown driver was in the middle of completing a time sensitive job."

According to Appellees' Exception, Officer Michael Vega of the Kenner Police Department ("Officer Vega") subsequently contacted Mr. Cruz to request the identity of the driver of the Peterbilt truck, whereupon Mr. Cruz and Mr. Bombace met with Officer Vega on June 29, 2023. In their Exception, Appellees explained Officer Vega's body camera footage captured this meeting and depicted Mr. Bombace as a "middle-aged, white/non-Hispanic male wearing a black shirt, blue jeans." As alleged by Appellees, when Officer Vega asked who was driving the Peterbilt truck at the time of the accident, Mr. Bombace responded that he was the only commercial driver for Black Bayou Pools and left the accident scene because "he had urination and feces on his body." Appellees explained the body camera footage showed that Mr. Cruz eventually left this meeting; returned with his nephew whom he identified as "Leonardo"; confirmed that Leonardo was the one captured on the Kenworth's dashboard camera video; stated Leonardo was a passenger in the Peterbilt while Mr. Bombace was the driver; and suggested Leonardo and Mr. Bombace may have swapped seats after the accident occurred

4

(so as to explain why Leonardo stepped out of the driver's side door). According to Appellees, the Kenner Police Department ultimately issued citations to Leonardo for hit and run and driving without a valid license.

In light of their above explanation of the events, Appellees argued there was "no evidence linking [Mr.] Bombace to the scene of the accident," such that "the allegations asserted in his Petition [were] without merit." Appellees further argued that because Mr. Bombace "was not a victim to the subject accident, he does not possess a real and actual interest to assert, much less maintain, his claims." Accordingly, Appellees requested the trial court dismiss Mr. Bombace's claims.

**Petitioners' Opposition to Exception**

On September 25, 2024, Petitioners, filed an Opposition to Appellees' Peremptory Exception of No Right of Action ("Opposition"), wherein they argued the Petition listed a cause of action by "assert[ing] a claim for negligence seeking general and special damages" and by stating Mr. Bombace was involved in the subject accident while driving the Peterbilt truck. In this latter regard, Petitioners contended that not only was "[Mr.] Bombace . . . involved in the subject accident" but Appellees did "not have any evidence to the contrary." Particularly, Petitioners stated the dashboard camera footage did not "capture the accident occurring" to demonstrate who was inside of and driving the Peterbilt truck when the accident occurred. In sum, Petitioners maintained they had pled facts to support a right of action and Appellees failed to produce evidence to dispute these facts and to support the dismissal of their claims.

In support of their Opposition, Petitioners attached two exhibits to their memorandum, namely the September 25, 2024 affidavits of Mr. Bombace and Mr. Cruz. In his affidavit, Mr. Bombace attested that he was involved in an automobile

5

accident on May 22, 2023, while driving the Peterbilt truck; did not exit the vehicle at the scene because he had soiled himself; and left the scene of the accident before the investigating officer arrived because he had soiled himself. In his affidavit, Mr. Cruz attested he owned the Peterbilt truck involved in the accident on May 22, 2023; was not in the truck at the time of the accident; instructed his employees, who were the driver and passenger of the truck, to leave the scene of the accident before the police arrived; and arrived at the scene of the accident and spoke with the investigating officer, whereupon he identified Mr. Bombace as the driver and Leonardo[3] as the passenger.

### Appellees' Reply

On October 8, 2024, Appellees filed a Reply Memorandum in Support of their Exception. Therein, Appellees argued they had provided "substantial, *objective* evidence from the scene, including multiple videos" that showed Mr. Bombace was not present. Appellees asserted that, by contrast, Mr. Bombace failed to provide any evidence from the accident scene to prove he was there. Rather, Appellees explained the only evidence presented by Petitioners to corroborate "[Mr.] Bombace's purported presence at the scene of the subject accident consists solely of his own self-serving affidavit" and the "affidavit of [Mr. Cruz], **who admits that he was not a witness and appeared on the scene of the accident after the fact**."

### Hearing and October 17, 2024 Judgment

On October 10, 2024, the trial court held a hearing on Appellees' Exception. Of note, neither party introduced evidence during the hearing. After counsel put forth the above-summarized arguments outlined in their pleadings, the trial court

---

[3] According to Mr. Cruz's affidavit, Leonardo's full name is Leonardo Martinez-Mejia.

orally granted Appellees' Exception. The transcript of the hearing reveals the trial court considered the exhibits attached to the parties' memoranda in reaching its ruling. For example, the trial court stated, "I saw the video," and "I saw the video from . . . the actual scene" and "the interaction at the Kenner police station."

On October 17, 2024, the trial court signed a judgment in accordance with its oral ruling. The judgment sustained Appellees' Exception and dismissed Mr. Bombace's claims against Appellees with prejudice and at his cost. Mr. Bombace's timely appeal to this Court followed.

## DISCUSSION

In his brief to this Court, Mr. Bombace asserts two assignments of error:

1. The trial court erred in sustaining [Appellees]' exception of no right of action.

2. Alternatively, the trial court erred in failing to allow [Mr.] Bombace to amend his petition for damages to provide further facts supporting his right of action against [Appellees].

Based on our review of the record and the parties' briefs, resolution of this matter requires us to determine the following three issues: 1) whether the trial court erred in considering the exhibits attached to the parties' memoranda, particularly Appellees' videos, that were never offered, filed, and introduced into evidence at the hearing on the Exception; 2) if so, whether Mr. Bombace's Petition and Petitioners' Amending Petition stated a right of action; 3) if so, whether the trial court erred in sustaining Appellees' Exception; and 4) whether the trial court erred in failing to permit Mr. Bombace the opportunity to amend the Petition and Amending Petition. We begin with the first issue because this informs what evidence the trial court should or should not have considered in deciding Appellees' Exception and what evidence this Court should or should not consider

7

in reviewing the trial court's judgment. Then, for ease of discussion, we discuss the second and third issues together before concluding with the fourth issue. Prior to delving into these issues, however, we outline the standard of review and principles applicable to the exception of no right of action.

## Standard of Review and Principles Applicable to the Exception of No Right of Action

As recently explained by this Court, "[a]n appellate court reviews a trial court's ruling on an exception of no right of action *de novo.*" *Pri-Tal v. Progressive Prop. Ins. Co.*, 2024-0531, p. 9 (La. App. 4 Cir. 5/14/25), ___ So.3d ___, ___, 2025 WL 1414743, at *5 (alteration in original) (quoting *Hurel v. Nat'l Fire & Marine Ins. Co.*, 2025-0049, p. 8 (La. App. 4 Cir. 3/11/25), ___ So.3d ___, ___, 2025 WL 762645, at *4). The appellate court reviews the matter *de novo* "because an 'exception of no right of action presents a question of law,' such that the appellate court's review 'involves determining whether the trial court was legally correct in sustaining such exception.'" *Id.* at pp. 9-10, ___ So.3d at ___, 2025 WL 1414743, at *5. *See also N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015 (citing *St. Pierre v. Northrop Grumman Shipbuilding, Inc.*, 2012-0545, p. 7 (La. App. 4 Cir. 10/24/12), 102 So.3d 1003, 1009). However, if the parties introduced evidence at the hearing on an exception of no right of action, any findings of act made by the trial court are subject to the manifest error-clearly wrong standard of review. *O'Dwyer v. Metairie Condo. Ass'n Bd. President*, 2024-277, pp. 5-6 (La. App. 5 Cir. 1/29/25), 404 So.3d 1059, 1066 (citing *State ex rel. Caldwell v. Molina Healthcare, Inc.*, 2018-1768, p. 6 (La. 5/8/19), 283 So.3d 472, 477).

A defendant raises the objection of "[n]o right of action, or no interest in the plaintiff to institute the suit" via a peremptory exception. La. C.C.P. art. 927(A)(6). The defendant-exceptor bears the burden of proving that the plaintiff does not have standing and a legal interest to bring the suit. *Pri-Tal*, 2024-0531, p. 11, ___ So.3d at ___, 2025 WL 1414743, at *6 (first citing *Crosby*, 2021-0054, p. 10, 366 So.3d at 330; and then citing *Lestelle & Lestelle v. Campo Music Shopping Ctr. Condominium Ass'n.*, 2021-0077, p. 4 (La. App. 4 Cir. 3/23/21), 315 So.3d 331, 334). The parties may introduce evidence to support or controvert the exception of no right of action "when the grounds thereof do not appear from the petition." La. C.C.P. art. 931.

"The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art 923. This Court has further explained that "[t]he function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Pri-Tal*, 2024-0531, p. 10, ___ So.3d at ___, 2025 WL 1414743, at *5 (alteration in original) (quoting *Hurel*, 2025-0049, p. 8, ___ So.3d at ___, 2025 WL 762645, at *4) (citing *Hood v. Cotter*, 2008-0215, 0237, p. 17 (La. 12/2/08), 5 So.3d 819, 829). "The exception of no right of action questions whether the particular plaintiff has standing to bring the lawsuit, 'but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.'" *Downtown Dev. Dist. of City of New Orleans v. City of New Orleans*, 2018-0726, p. 6 (La. App. 4 Cir. 5/8/19), 272 So.3d 917, 924 (quoting *Howard v. Adm'rs of Tulane Educ. Fund,*

9

2007-2224, p. 17 (La. 7/1/08), 986 So.2d 47, 60). In other words, a court "ruling on an exception of no right of action . . . must determine if the plaintiff has standing and a legal interest to bring the suit." *Pri-Tal*, 2024-0531, p. 11, ___ So.3d at ___, 2025 WL 1414743, at *5 (quoting *Hurel*, 2024-0049, pp. 8-9, ___ So.3d at ___, 2025 WL 762645, at *4). This is because La. C.C.P. art. 681 states that "[e]xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts."

## Whether the Trial Court Erred in Considering the Exhibits Attached to the Parties' Memoranda

With the above standard of review and principles in mind, we turn to the first issue. In his brief to this Court, Mr. Bombace argues the trial court erred in considering the exhibits Appellees attached to the memorandum in support of their Exception but did not introduce into evidence at the hearing. Appellees counter that the exhibits are "part of the record"; were available to the trial court; and "are equally available to this Court for" our review. We agree with Mr. Bombace.

If parties attach exhibits to their memoranda in support of or in opposition to an exception of no right of action but do not introduce the exhibits into evidence at the hearing on the exception, those exhibits are not properly before the trial court for consideration. *Saed v. Harvey*, 2021-399, pp. 4-5 (La. App. 5 Cir. 3/9/22), 337 So.3d 546, 549-50; *Grubbs v. Haven Custom Furnishings, LLC*, 2018-710, 711, p. 7 (La .App. 5 Cir. 5/29/19), 274 So.3d 844, 850. The trial court cannot consider the exhibits because they have "not been properly and officially offered and introduced, even if . . . physically placed in the record." *O'Dwyer*, 2024-277, p. 8, 404 So.3d at 1067 (citing *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88). Not only is the trial court unable to consider the

10

exhibits in deciding the exception, the appellate court likewise cannot consider the exhibits in an appeal of the trial court's ruling on the exception. *Kimball v. Kamenitz*, 2021-0101, p. 22 (La. App. 4 Cir. 10/26/21), 331 So.3d 474, 489 (holding that "[d]ocuments attached to memoranda do not constitute evidence and cannot be considered as such on appeal" (quoting *Felix v. Safeway Ins. Co.*, 2015-0701, p. 7 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 632)). *See also Saed*, 2021-0399, p. 4, 337 So.3d at 549 (citing *Caro v. Bradford White Corp.*, 1996-120, p. 6 (La. App. 5 Cir. 7/30/96), 678 So.2d 615, 618).

Moreover, according to La. C.C.P. art. 2164, "[t]he appellate court shall render any judgment which is just, legal, and proper *upon the record on appeal*." (Emphasis added.) The trial court sends the record on appeal to the appellate court, and the record on appeal includes the pleadings, court minutes, transcript, judgments, and other rulings, unless otherwise designated. *Saed*, 2021-0399, p. 4, 337 So.3d at 549 (first citing La. C.C.P. arts. 2127 and 2128; and then citing *Deutsche Bank Nat'l Trust Co. ex rel. Morgan Stanley ABS Cap. I, Inc. v. Carter*, 2010-663, p. 5 (La. App. 5 Cir. 1/25/11), 59 So.3d 1282, 1285). An appellate court is a "court[] of record and may not review evidence that is not in the appellate record, or receive new evidence.'" *Kimball*, 2021-0101, p. 22, 331 So.3d at 489 (quoting *Denoux,* 2007-2143, p. 6, 983 So.2d at 88).

As stated previously, the transcript of the hearing reveals the trial court relied on Appellees' exhibits attached to the memorandum in support of their Exception—particularly the videos—in arriving at the decision to grant the Exception. However, neither Appellees nor Petitioners offered the exhibits attached to their memoranda into evidence at the hearing on Appellees' Exception. Accordingly, the trial court was without authority to consider any of the exhibits

attached to the parties' memoranda, including the videos. *Saed*, 2021-399, pp. 4-5, 337 So.3d at 549-50; *Grubbs*, 2018-710, p. 7, 274 So.3d at 850. In terms of our review, the video exhibits are not part of the record on appeal, so we cannot review them. *Kimball*, 2021-0101, p. 22, 331 So.3d at 489 (quoting *Denoux,* 2007-2143, p. 6, 983 So.2d at 88). Nonetheless, even if the video exhibits were part of the record on appeal, we—like the trial court—would be prohibited from considering them because Appellees did not offer, file, and introduce them into evidence at the hearing on their Exception. *Kimball*, 2021-0101, p. 22, 331 So.3d at 489 (quoting *Felix*, 2015-0701, p. 7, 183 So.3d at 632); *Saed*, 2021-0399, p. 4, 337 So.3d at 549 (citing *Caro*, 1996-120, p. 6, 678 So.2d at 618). Though the non-video exhibits attached to the parties' memoranda were included in the record on appeal, we likewise cannot consider them because the parties did not offer, file, and introduce them into evidence at the hearing. *Id.*

In sum, we find the trial court erred in considering the exhibits in its decision to grant Appellees' Exception because the parties did not offer their exhibits into evidence at the hearing. For the same reason, we cannot consider the exhibits in our resolution of this appeal.

### Whether Mr. Bombace's Petition Stated a Right of Action and, if so, Whether the Trial Court thus Erred in Sustaining Appellees' Exception

Having determined that the trial court erred in considering any of the parties' exhibits and that we also cannot consider the exhibits, we are now limited to reviewing the allegations in Petitioners' Petition and Amending Petition to determine whether Mr. Bombace has a right to bring an action against Appellees. *Grubbs*, 2018-710, 711, pp. 7-8, 274 So.3d at 850. This is because, "[i]n the absence of evidence to the contrary, the objection of no right of action must be

12

decided upon the facts alleged in the petition, and all well-pleaded facts in the petition must be taken as true." *Strategic Med. All. II v. State*, 2022-0051, pp. 5-6 (La. App. 1 Cir. 11/4/22), 355 So.3d 55, 59 (first citing *Miller v. Thibeaux*, 2014-1107, p. 6 (La. 1/28/15), 159 So.3d 426, 430; and then citing *Rain CII Carbon, LLC v. Turner Indus. Grp., LLC*, 2019-403, p. 23 (La. App. 3 Cir. 3/18/20), 297 So.3d 797, 814). When "no evidence was admitted at the [exception] hearing, whether a claimant has a right of action is a question of law," so the "appellate court gives no special weight to the findings of [the trial court] and, instead, exercises its constitutional duty to review questions of law [*de novo*]." *Id.* at p. 6, 355 So.3d at 59 (first citing *Jones v. Ams. Ins. Co.*, 2016-0904, p. 5 (La. App. 1 Cir. 8/16/17), 226 So.3d 537, 541; and then citing *Phillips v. Kirkland's Corp.*, 2019-0420, p. 5 (La. App. 1 Cir. 2/18/20), 296 So.3d 6, 10). If the trial court sustained an exception of no right of action yet the appellate court determines during its *de novo* review that the defendants failed to submit evidence supporting their exception of no right of action and the grounds for same do not appear in the petition, then the appellate court should conclude the trial court erred and vacate the trial court's judgment. *Grubbs*, 2018-710, 711, p. 8, 274 So.3d at 850.

Pursuant to our *de novo* review, we conclude Appellees failed to meet their burden of proving Mr. Bombace has no right of action against them. As previously explained, Appellees failed to submit evidence supporting their Exception at the hearing, and we find the grounds for their Exception do not appear in the Petition or Amending Petition. Rather, Mr. Bombace alleged in his Petition that he was driving the Peterbilt truck on May 22, 2023, when struck by the Kenworth truck driven by Mr. Vulcano in the course and scope of his employment with Command Construction. The Amending Petition also asserted Mr. Bombace was driving the

13

Peterbilt truck at the time of the subject accident. Further, Mr. Bombace alleged in his Petition that Starr insured the Kenworth truck at the time of the accident. In his Petition, Mr. Bombace contended he sustained injuries in the automobile accident. With these allegations, Mr. Bombace has established he has a legal interest in the subject matter of the litigation at issue and belongs to the class of persons to whom the law grants the cause of action asserted in the Petition and Amending Petition, i.e., an automobile tort victim's negligence cause of action against the alleged tortfeasor driving the other automobile; the tortfeasor's employer when the tortfeasor was acting in the course and scope of his employment at the time of the accident; and the insurance company that insured the vehicle driven by the tortfeasor. In light of the foregoing, we conclude the trial court was legally incorrect in granting Appellees' Exception, and we vacate the trial court's October 17, 2024 judgment.

## Opportunity to Amend Petition

In his second assignment of error, Mr. Bombace asserts, in the alternative, that "the trial court erred in failing to allow [him] to amend his petition for damages to provide further facts supporting his right of action against" Appellees. Because we have concluded the trial court erred in granting Appellees' Exception, this issue has been rendered moot. *See Grubbs*, 2018-710, 711, p. 8, 274 So.3d at 850.

## DECREE

For the foregoing reasons, we vacate the trial court's October 17, 2024 judgment, which granted Appellees' Exception of No Right of Action, and we remand this matter for further proceedings.

**JUDGMENT VACATED; REMANDED**

14