MARION F. EDWARDS, Judge.
 

 12Plaintiff/appellant, Nancy Monson (“Ms. Monson”), appeals a trial court judgment granting an exception of prescription filed by defendant/appellee, Acadian Landscapes of Louisiana, Inc. (“Acadian”), in this slip and fall action. For reasons that follow, we affirm.
 

 This matter has been before this Court previously.
 
 [1]
 
 The facts as set forth in our prior opinion are:
 

 The facts surrounding the incident are undisputed. Plaintiff drove to Toys “R” Us to purchase a birthday gift. After she completed that task, she decided to meet her daughter for a meal at a restaurant across the street. She moved her car to the edge of the Toys “R” Us parking lot that was closest to the Hess-mer Street Restaurant. As she stepped over the parking lot curbing onto the grassy area to reach the sidewalk, she stepped in a hole and fell, causing injuries to her ankle and leg. In her deposition, Ms. Monson testified that she did not move her car to the restaurant parking lot even though parking spaces were available there because she “didn’t want her car hit.”
 
 [2]
 

 |sThe fall occurred on September 7, 2002. The original action for damages was filed on August 18, 2003. In that original lawsuit, Ms. Monson sued Travelers Property and Casualty Insurance Company (“Travelers”); Toys “R” Us-Delaware, Inc. (“Toys “R” Us”); ALS Properties, LLC (“ALS”); Sizeler Family Limited Partnership (“Sizeler”); and the Parish of Jefferson (“the Parish”). Acadian was added as a defendant by a supplemental and amending petition filed on July 23, 2004.
 

 Two of the defendants, Toys “R” Us and the Parish, filed motions for summary judgment. After a hearing on the matter, the trial court granted both summary judgments finding that, as a matter of law, neither Toys “R” Us nor the Parish owed a duty to plaintiff and, further, that the Parish had no notice of the defect. On appeal, we affirmed the ruling, with the following explanation:
 

 While we do not agree with the conclusive statement made by the trial court that there is no duty owed by Toys “R” Us to maintain the grassy area, we do agree with the trial court that the summary judgment should be granted. We believe holes created in the area where plaintiff fell could give rise to the level of unreasonable risk of harm under
 
 *69
 
 the reasonable person standard. However, the plaintiff failed in her burden of proof that the holes were created by Toys “R” Us, or that Toys “R” Us had any knowledge of the holes. Thus, plaintiff has failed to show that, as a matter of law, Toys “R” Us owes her a duty that has been breached.
 
 [3]
 

 Acadian filed a motion for summary judgment that was denied by the trial court. Acadian filed an application for supervisory writs in this Court seeking review of that decision, which was denied on June 22, 2007.
 
 [4]
 
 On April 3, 2008, the trial court granted an exception of no right or no cause of action in favor of ALS, dismissing that party from the lawsuit. It does not appear from the record before us that an appeal was taken from that judgment.
 

 ^Subsequently, Acadian filed a peremptory exception of prescription, which was granted by the trial court with written Reasons. It is that judgment which is presented for our review.
 

 Delictual actions are subject to a liberative prescriptive period of one year, which commences to run from the date the injury is sustained.
 
 [5]
 
 Ms. Monson’s accident occurred on September 7, 2002. She filed the original petition on August 13, 2003 naming several defendants, all of whom have been dismissed from the action by various means. Acadian was not added as a defendant until July 23, 2004 by the filing of a supplemental and amending petition.
 

 It is well settled that the burden of proof in an exception of prescription lies with the party asserting it; however, where the petition shows on its face that it has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended.
 
 [6]
 

 Prescription is interrupted by the commencement of suit against the obli-gor in a court of competent jurisdiction and venue.
 
 [7]
 
 Interruption of prescription by suit against one solidary obligor or joint tortfeasor is effective as to all.
 
 [8]
 
 However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist.
 
 [9]
 

 In the matter before us, the supplemental and amending petition adding Acadian as a defendant is clearly prescribed on its face; thus, the burden shifts to Ms. Mon-son to prove that the prescriptive period has been suspended or interrupted.
 

 1 r,The petition in which Acadian was added as a defendant was filed on July 23, 2004. The allegation in the petition is that the defendants, Toys “R” Us, Sizeler, the Parish, and Acadian “owned, and/or maintained and/or had the care, custody and control of the property” on which Ms. Monson fell on September 7, 2002. As previously stated, all defendants except Acadian have been dismissed from the
 
 *70
 
 case with no finding of liability.
 
 [10]
 
 Since, the only remaining defendant is Acadian and all other defendants have been found to be not liable, there is no issue of interruption or suspension of prescription based on the timely filing of the lawsuit against co-defendants.
 

 In brief to this Court, Ms. Monson relies on the doctrine of
 
 contra non valen-tem
 
 to meet her burden of proof that prescription has not run against Acadian. Ms. Monson argues that co-defendant Toys “R” Us failed to promptly respond to her discovery requests seeking information regarding the entity responsible for landscaping the premises.
 

 Generally, the doctrine of
 
 contra non valentem
 
 applies where a party is unable to act within the prescriptive period. The doctrine applies in four general situations:
 

 (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
 

 (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
 

 (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
 

 (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.
 

 [(¡The only applicable condition in the matter before us is the fourth category. The fourth category, commonly known as the “discovery rule,” begins with the principle that a plaintiff is deemed to know what he could have learned through reasonable diligence.
 
 [11]
 
 In the discovery rule, prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based. Hence, prescription does not accrue as it does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent or unreasonable.
 
 [12]
 

 As this Court has explained:
 

 For purposes of the discovery doctrine of
 
 contra non valentum
 
 [sic], a plaintiff will be deemed to know that which he could have learned from reasonable diligence.... If an opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and he fails or refuses to profit by it, if he closes his eyes to the notice spread before him and shuts his ears to oral information directly imparted to him, the law will hold him as bound by the same, and as fully notified as if he had taken thorough personal cognizance at the time of the information imparted and of the notice given....
 

 The precise point at which a plaintiff becomes aware of the facts sufficient for prescription to begin running is often difficult to identify, but the question is answered based on whether plaintiff was reasonable in delaying
 
 *71
 
 filing suit in light of his own information. ... These are factual questions which can only be determined by analysis of evidence.
 
 [13]
 

 On the trial of the peremptory exception prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, and all allegations thereof are accepted as true.
 
 [14]
 

 17At the hearing, evidence presented to the trial court showed that, while Ms. Monson filed suit against several parties within the one-year prescriptive period, she did not begin discovery until after the prescriptive period had run. The fall took place on a grassy area between the end of the Toys “R” Us parking lot and the sidewalk, an area that Acadian cut and maintained weekly. Ms. Monson argues that she was diligent in identifying all property owners and it was delays in answering interrogatories propounded to Toys “R” Us that caused her suit against Acadian to be filed untimely. However, the record shows that Ms. Monson did not issue interrogatories to Toys “R” Us until October 7, 2003, more than one year after the fall.
 

 In its decision to grant the exception of prescription, the trial court relied on
 
 Renfroe v. State of
 
 Louisiana.
 
 [15]
 
 In
 
 Renfroe,
 
 the plaintiff timely filed an action against the Louisiana Department of Transportation and Development (“DOTD”) for the death of his wife in an automobile accident that occurred on Causeway Boulevard. After it was discovered that the portion of the highway where the accident happened was not a state highway, the plaintiff filed a supplemental and amending petition adding Jefferson Parish Road District No. 1 as a defendant. That petition was filed after the prescriptive period had run. Ultimately, DOTD was dismissed from the lawsuit without a finding of liability and Jefferson Parish Road District No. 1 filed an exception of prescription. The exception was granted.
 

 On appeal, the plaintiff in
 
 Renfroe
 
 made the argument that the doctrine of
 
 contra non valentem,
 
 applied. In rejecting that argument and affirming the grant of the exception of prescription, the Louisiana Supreme Court noted:
 

 [T]he doctrine of
 
 contra non valentem
 
 only applies in “exceptional circumstances.” ... In fact, when this Court first officially recognized this fourth type of situation where
 
 contra \¿non valentem
 
 applies, we specifically clarified that “[tjhis principle will not exempt the plaintiffs claim from the running of prescription if his ignorance is attributable to his own wilfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned.”
 

 While it is indeed unusual that different unrelated parties would own and maintain different portions of one roadway, the fact that the portion of the roadway was owned by some party other that the DOTD was “reasonably knowable” by the plaintiff within the prescriptive period. Thus, the doctrine of
 
 contra non valentem
 
 does not apply in this case.
 
 [16]
 

 
 *72
 
 We find the trial court’s reliance on
 
 Renfroe
 
 is well placed. Given the fact that Acadian cut the grass and maintained the grassy area where Ms. Monson fell on a regular basis after the fall, we find the fact that Acadian could be responsible for causing the hole in which Ms. Monson fell was reasonably knowable. Accordingly, we find the doctrine of
 
 contra 'non valentem
 
 does not apply in this case.
 

 The judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff/appellant, Ms. Mon-son.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Monson v. Travelers Prop. & Cas. Ins. Co.,
 
 06-921 (La.App. 5 Cir. 4/24/07), 955 So.2d 758.
 

 [2]
 

 .
 
 Id.
 
 at 760.
 

 [3]
 

 . 955 So.2d at 762. Although the appeal was also taken from the grant of summary judgment as to the Parish of Jefferson, Ms. Mon-son did not make any arguments or assign any errors relating to that defendant.
 

 [4]
 

 .
 
 Monson
 
 v.
 
 Travelers Prop. & Cas.,
 
 07-C-455 (La.App. 5 Cir.6/22/07).
 

 [5]
 

 .La. C.C. art. 3492.
 

 [6]
 

 .
 
 Caro v. Bradford White Corp.,
 
 96-120 (La.App. 5 Cir.
 
 7/30/96),
 
 678 So.2d 615, 617.
 

 [7]
 

 . La. C.C. art. 3462.
 

 [8]
 

 . La. C.C. arts. 1799, 3503, 2324(C).
 

 [9]
 

 .
 
 Renfroe v. State ex rel. Dep't of Transp. and Dev.,
 
 01-1646 (La.2/26/02), 809 So.2d 947, 950.
 

 [10]
 

 . Travelers, as the insurer of one or more of the defendants, was also dismissed from the case on summary judgment.
 

 [11]
 

 .
 
 Hospital Serv. Dist. No. 1 of Jefferson Parish v. Alas,
 
 94-897 (La.App. 5 Cir. 6/28/95), 657 So.2d 1378.
 

 [12]
 

 .
 
 Wimberly v. Gatch,
 
 93-2361 (La.4/11/94), 635 So.2d 206, 211-12.
 

 [13]
 

 .
 
 Caro v. Bradford White Corp.,
 
 678 So.2d at 618 (citations omitted).
 

 [14]
 

 . La. C.C.P. art. 931.
 

 [15]
 

 . 01-1646 (La.2/26/02), 809 So.2d 947.
 

 [16]
 

 .
 
 Renfroe v. State of La.,
 
 809 So.2d at 953-54 (citations omitted).