MARC E. JOHNSON, Judge.
 

 |2In this medical malpractice proceeding, plaintiff/appellant, Shandrea Cade Manus, who is in proper person, seeks review of the trial court’s ruling granting defendant’s, Ochsner Clinic Foundation, peremptory exception of prescription dismissing her complaint of medical malpractice, which she filed with the Division of Administration. . For the reasons stated herein, we affirm the trial court’s judgment.
 

 FACTS & PROCEDURAL HISTORY
 

 In 1991, at age 16, plaintiff was diagnosed with nasopharynx carcinoma for which she was treated at Ochsner Clinic with radiation and chemotherapy. In February 2009, plaintiff sent a letter to the Patient Compensation Fund through the Division of Administration asserting a medical malpractice complaint against Ochsner Clinic for “over processed radiation therapy.” She alleged the over processed radiation therapy resulted in dysphagia, which she asserted was not diagnosed until January 2009.
 

 In June 2009, Ochsner Clinic filed a petition in the 24th Judicial District Court seeking to allot a case number for purposes of discovery. Shortly thereafter, |sOchsner Clinic filed a peremptory exception of prescription claiming plaintiffs medical malpractice claim, filed 17½ years after the alleged malpractice, was prescribed under La. R.S. 9:5628. After a hearing, the trial court granted Ochsner’s exception of prescription finding that more than three years had passed following the alleged act of malpractice.
 

 LAW & ANALYSIS
 

 Louisiana Revised Statute 9:5628 controls the prescriptive period for medical malpractice actions and states that an action for damages against a health care provider must be brought within one year from the date of the alleged act or one year from the date of discovery of the alleged act with a three year limitation from the date of the alleged negligent act. In a medical malpractice action, the health care provider can assert an exception of prescription at any time without regard to whether the medical review panel process is complete. La. R.S. 40:1299.47(A)(2)(a);
 
 Carter v. Ochsner Clinic Foundation,
 
 07-889, p. 5 (La.App. 5 Cir. 3/11/08), 978 So.2d 562, 565,
 
 writ denied,
 
 08-936 (La.8/29/08), 989 So.2d 99.
 

 Ordinarily, the movant bears the burden of proof at the trial of an exception of prescription. However, where a petition reveals on its face that prescription has run, the burden shifts to the plaintiff to show that his action has not prescribed.
 
 Bertoniere v. Jefferson Parish Hosp. Service Dist. No. 2,
 
 07-301, p. 7 (La.App. 5 Cir. 10/30/07), 972 So.2d 328, 332,
 
 writ denied,
 
 07-2276 (La.2/15/08), 976 So.2d 177.
 

 Appellant’s medical malpractice claim was filed in February 2009 alleging the act of malpractice occurred 18 years ago in 1991; therefore, it was prescribed on its face. As such, appellant bore the burden of showing her claim was not prescribed.
 

 |4The Louisiana Supreme Court has held that both the one-year and three-year periods set forth in La. R.S. 9:5628 are prescriptive periods, as opposed to peremptive periods.
 
 Borel v. Young,
 
 07-419, p. 2 (La.11/27/07), 989 So.2d 42, 54,
 
 on reh’g
 
 (La.7/1/08). Being prescriptive periods, the time periods are subject to interruption or suspension and are susceptible to the doctrine of contra non valentem.
 
 See Hebert v. Doctors Memorial Hospital,
 
 486 So.2d 717, 723-24 (La.1986). Contra non valentem, which means that prescrip
 
 *1130
 
 tion does not run against a person who could not bring his suit, is a jurisprudential doctrine under which prescription may be suspended.
 
 Carter v. Haygood,
 
 04-646, p. 11 (La.1/19/05), 892 So.2d 1261, 1268.
 

 Contra non valentem applies in four general situations to prevent the running of prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.
 
 Id.
 
 at 11-12, 892 So.2d at 1268.
 

 Both the third and fourth categories of contra non valentem have been applied to medical malpractice actions. The fourth category of contra non valentem, commonly known as the “discovery rule,” has been codified in La. R.S. 9:5628.
 
 Id.
 
 at 10, 892 So.2d at 1267. However, as explained by the supreme court, the codified discovery exception of contra non valentem under La. R.S. 9:5628 is qualified in that it is made inapplicable after three years from the act, omission or |r,neglect.
 
 Borel v. Young,
 
 07-419 at 7, 989 So.2d at 56-57, citing
 
 Hebert v. Doctors Memorial Hospital,
 
 486 So.2d at 723-24.
 

 The third category applies when the defendant engages in conduct which prevents the plaintiff from availing himself of his judicial remedies. When applied to medical malpractice claims, the supreme court has explained that “a doctor’s continuing professional relationship with his patient might give rise to the suspension or interruption of prescription.”
 
 Carter,
 
 04-646 at 12, 892 So.2d at 1269. The supreme court stated that the continuation of the special relationship between a doctor and patient offers the possibility of correction of the injury and, thus, may postpone the running of prescription. The supreme court reasoned that as long as the patient remains in the doctor’s care, he could reasonably expect a correction of the diagnosis or tortious treatment.
 
 Id.
 
 at 13, 892 So.2d at 1269, citing
 
 In re Moses,
 
 00-2643, p. 11 (La.5/25/01), 788 So.2d 1173, 1180.
 

 At the hearing on the exception of prescription, Ochsner contended its treatment of appellant began in 1991 and ended in 1993, which was undisputed by appellant. Appellant argued that she was only 16 years old at the time of the alleged malpractice and did not know until January 2009, when she was diagnosed in Texas with dysphagia, that her condition was related to her earlier radiation treatment.
 

 Prescription runs against all persons, including minors and interdicts, unless an exception has been established by legislation. La.C.C. art. 3468. As discussed above, the contra non valentem discovery rule exception is statutorily qualified under La. R.S. 9:5628, and is inapplicable after three years from the date of the alleged malpractice. Because appellant claimed she did not discover the alleged malpractice until more than three years after the act, the discovery rule exception did not apply to suspend the running of prescription. Additionally, appellant ^offered no evidence to show she had a continuing relationship beyond 1993 with any of the doctors at Ochsner so as to suspend prescription under the third category of contra non valentem.
 

 Accordingly, the judgment of the trial court granting appellee’s exception of pre
 
 *1131
 
 scription is affirmed. Each party is to bear their own costs for this appeal.
 

 AFFIRMED.