SUSAN M. CHEHARDY, Judge.
 

 | ffhis appeal arises in a dispute over title to immovable property. The plaintiff seeks to recover the price he paid for the land, plus property taxes he paid, and damages for personal injury. The plaintiff sued multiple defendants, including two of the original sellers of the property and the heirs of two other original sellers, as well as the parish tax assessor and an individual whose title to the land preceded the plaintiffs. In a judgment dated August 25, 2009, the district court granted exceptions of prescription filed by some defendants. The plaintiff appeals. We affirm, and we remand the matter for further proceedings regarding the remaining defendants.
 

 FACTS
 

 On November 21, 2008, Kelvin Noble filed suit against various parties, seeking to have his purchase of a parcel of land
 
 *224
 
 declared a nullity and to recover the sale price or, alternatively, damages for fraud, and to recover property taxes he paid over the years since he purchased the property.
 

 The petition made the following allegations:
 

 On July 24, 1984, the plaintiff purchased a lot in Reserve, St. John the Baptist Parish, from Althea L. Melius Cambre, Thomas W. Melius, Jr., Henry C. Melius, and Metairie Small Animal Hospital, Inc., by Act of Cash Sale for the |sprice of $8,000.00.
 
 [1]
 
 The Act of Cash Sale described the land as Lot No. 16, Square 4 of Melius Subdivision Extension No. 2 in Reserve, St. John the Baptist Parish.
 

 On August 28, 1984, at the request of the sellers’ attorney, the plaintiff executed an Act of Correction that changed the legal description in the act of cash sale from “Lot 16, Square 4” to “Lot 16, Square 7” of Melius Subdivision Extension No. 2.
 

 The plaintiff later had the property surveyed.
 
 [2]
 
 As a result of the survey, the plaintiff discovered that “Lot 16, Square 7 of Melius Subdivision, Extension No. 3” had been sold to Ervin Nicholson on December 5,1983, and that there is no Melius Subdivision Extension No. 2, but rather only a Melius Subdivision Extension No. 3.
 

 The petition alleged the sale is an absolute nullity because either the property sold to the plaintiff does not exist or, alternatively, if the mark bearing Extension No. 2 is not a typographical error, the sellers were not the owners of the property they sold to the plaintiff because they had previously sold the property to Nicholson. The petition alleged the sale is both an absolute nullity because it was the sale of a thing that does not exist, and a relative nullity due to error.
 

 Further, the petition asserted, the sale was fraudulent and the sellers had been unjustly enriched, because the original act of sale conveyed one property to the plaintiff, while the Act of Correction conveyed to him another piece of land that either does not exist or belongs to another.
 
 [3]
 

 [4The petition also named as defendants the parish tax assessor, Whitney Joseph, Jr., and the purchaser of “Lot 16, Square 7 of Melius Subdivision, Extension No. 3,” Ervin Nicholson. The plaintiff sought to recover from the tax assessor the property taxes he had paid on the land since the date of purchase. Alternatively, in the event Nicholson had not paid taxes on the property, the plaintiff alleged that Nicholson was unjustly enriched by the plaintiffs payment of the taxes, and that Nicholson is liable to the plaintiff for any and all tax payments the plaintiff had made, plus interest.
 

 The petition sought to recover from the seller defendants the purchase price and damages for pain and suffering, mental
 
 *225
 
 anguish, and inconvenience, as well as interest from date of judicial demand until paid, including attorney’s fees and costs, and expert fees and costs, resulting from the purported sale. The plaintiff sought interest on each tax payment from the date each payment was made, plus judicial interest from date of demand.
 

 The seller defendants filed answers that included exceptions of prescription.
 
 [4]
 
 They asserted that all of the plaintiffs causes of action had prescribed because the original Cash Sale was executed on July 24, 1984; the Act of Correction was executed on August 28, 1984; the survey is dated June 23, 1992; the plaintiffs counsel sent a demand letter on July 7, 2006; yet the plaintiffs suit was not filed until November 21, 2008.
 

 The seller defendants asserted there was sufficient information in the June 23, 1992 survey to put the surveyor and the plaintiff on notice of the need for further inquiry, in that the survey is titled “Melius Subdivision — Extension
 
 2,”
 
 but the property description itself is “Survey Plat of Lot 16, Square 7, Melius [5Subdivision
 
 3.”
 
 (Emphasis added.) Similarly, the plaintiffs demand letter dated July 7, 2006, indicates he learned of the underlying facts on or before that date. The seller defendants asserted the plaintiff had actual or constructive notice to begin the running of prescription. In addition, they asserted that the fault, negligence and knowledge of the notary public, who prepared the act of cash sale and the act of correction, and of the surveyor, should be imputed to the plaintiff.
 

 The seller defendants asserted that all the claims and actions made the basis of the suit are prescribed on the face of the petition. They pleaded the prescriptions of ten years for personal actions, including for unjust enrichment, under La. C.C. art. 3499, five years for annulment of a relatively null contract, under La. C.C. art. 2032, and one year for all delictual actions, including for vices of consent (error, mistake, or fraud) under La. C.C. art. 3492.
 

 The district court held a hearing on the exceptions of prescription on April 9, 2009. No testimony or other evidence was presented, merely argument by counsel. The court took the matter under advisement and rendered judgment on August 25, 2009.
 

 In the judgment the court found the claims prescribed. The judgment incorporated reasons for the ruling, in which the court stated it found the applicable prescriptive periods were five years for relative nullity, under La. C.C. art. 2032, and ten years for personal actions, under La. C.C. art. 3499. The court specifically found as follows:
 

 The court finds that this matter does not involve an absolute nullity. The object here is not immoral; the object is a plot of land. An illicit object is one that is illegal. The sale of a plot of land is not illegal. Even the sale of
 
 no
 
 land does not make the contract illegal. If the petition is arguing that the sale was of an object that is non-existent, the buyer was defrauded. An action for a fraudulent sale is a relative nullity. The prescriptive period for a relative nullity is five years.
 

 | (jHere, the grounds for nullity would be error or fraud. In either case, the alleged fraud by the seller of the title, or
 
 *226
 
 the errors as to the correct plot of land which was purchased, ceased once the land was surveyed in 1992. The purchaser was put on notice of the alleged discrepancy/fraud no later than 1992. If fraud or error exists herein, the time started running in 1992 when the survey was returned ... a survey allegedly commissioned by petitioner. The court learned from the Petition herein that the next action petitioner took was to write defendants a letter in 2006. Suit was filed in 2008. The lapse in action exceeds the five year period.
 

 Likewise, should this claim be purely a personal action, the claim is prescribed by the same reasoning, using the same dates to calculate the applicable delays. The contract was executed in 1984. The survey, even if it indicated a fraudulent transaction, was dated June 23, 1992. The lapse in action exceeds the ten year period associated with prescription of personal actions.
 

 In conclusion, the claims asserted by petitioner against the Melius heirs and Metairie Small Animal Hospital are prescribed. The exceptions of prescription are GRANTED. The claims are hereby dismissed at petitioner’s costs.
 

 The plaintiff has appealed.
 

 LAW AND ANALYSIS
 

 On appeal the plaintiff asserts the trial court erred in granting the exceptions of prescription because the seller defendants did not meet the burden of establishing that the plaintiff discovered the ground for nullity, specifically that the sellers did not own the property at the time of the purported sale.
 

 “Unless otherwise provided by legislation, a personal action is subject to a liber-ative prescription of ten years.” La. C.C. art. 3499.
 

 “Action for annulment of an absolutely null contract does not prescribe. Action of annulment of a relatively null contract must be brought within five years from the time the ground for nullity either ceased, as in the case of incapacity or duress, or was discovered, as in the case of error or fraud.” La. C.C. art. 2032.
 

 |7“A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. A contract that is only relatively null may be confirmed.” La. C.C. art. 2031.
 

 The standard controlling review of a peremptory exception of prescription requires that the appellate court strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished.
 
 Babin v. Babin,
 
 08-776, p. 3 (La.App. 5 Cir. 3/10/09), 10 So.3d 784, 785,
 
 writ denied,
 
 2009-0813 (La.6/19/09), 10 So.3d 735.
 

 In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court’s finding of fact was manifestly erroneous.
 
 Burg v. Living Centers East Inc.,
 
 09-248, p. 4 (La.App. 5 Cir. 10/27/09), 28 So.3d 353, 355.
 

 If we find that the trial court’s decision is based on an erroneous interpretation or application of the law, that incorrect decision is not entitled to deference. On legal issues, the appellate court gives no special weight to the finding of the trial court, but exercises its constitutional duty to review questions of law and renders judgment based on the record. [Citations omitted.]
 

 Guillory v. Hebert,
 
 08-659, p. 8 (La.App. 5 Cir. 1/12/10), 31 So.3d 1097, 1102.
 

 “Ordinarily, the party pleading the exception of prescription bears the burden
 
 *227
 
 of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiffs claim has prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed.”
 
 Hogg v. Chevron USA, Inc.,
 
 2009-2682, p. 7 (La.7/6/10), 45 So.3d 991, 998.
 

 The plaintiff asserts the petition is not prescribed on its face, because it is silent as to the exact date that the plaintiff discovered the grounds for nullity. |sHence, he contends, the burden of proving prescription remained with the seller defendants, but they failed to carry the burden.
 

 The plaintiff argues that the seller defendants did not offer any evidence that the 1992 survey discovered the title defect that is the basis for his claim of nullity, nor did they make such an argument. He points out the seller defendants failed to present any evidence that he had knowledge that the sellers did not own the property at the time his act of sale was passed. Rather, the seller defendants argued that the notation on the survey referencing the lot and subdivision was sufficient to notify the plaintiff of a potential title defect. The plaintiff contends that even if the survey did raise a question as to whether the act of sale or the subsequent act of correction contained a typographical error, that would not be sufficient to commence the running of prescription.
 

 In opposition to the appeal, the seller defendants contend the trial court did not commit manifest error in granting their exceptions of prescription. They argue that the plaintiff “provided the very evidence on the face of his petition, with attachments, which showed that his claims are prescribed.” Specifically, he attached to his petition the survey that completed and provided to him in 1992, nearly 16 years before he filed suit. The seller defendants assert that the plaintiffs arguments are mutually exclusive, in that he states the various actions he took to address title issues with the lot (an act of correction on August 28, 1984, and a survey of the property together with attachment of the survey to his petition).
 

 The seller defendants point out that the plaintiff alleges he had his property surveyed on June 28, 1992, and attaches a copy of the survey, which indicates a different property than what was indicated by the description at the time the plaintiff purchased the property.
 

 bThe defendants assert that the plaintiffs claim in his petition that the sellers were guilty of a fraudulent transfer of property does not specify as to how the alleged fraud was perpetrated. The defendants contend it is clear this case involves an error in the property description rather than an intent by the sellers to defraud the plaintiff.
 

 In effect, the plaintiffs assertion that he should not have been expected to know the property description was erroneous raises the defense of
 
 contra non valentem.
 
 Our supreme court has defined four factual situations in which the doctrine of
 
 contra non valentem
 
 applies so as to prevent the running of liberative prescription:
 

 (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
 

 (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
 

 (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
 

 (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiffs ignorance is not induced by the defendant.
 

 
 *228
 

 Renfroe v. State ex rel. Dept. of Transp. and Development,
 
 2001-1646, p. 9 (La.2/26/02), 809 So.2d 947, 953.
 

 The only one of those grounds that could apply under the facts set out in the pleadings in this case is No. 4, “where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiffs ignorance is not induced by the defendant.”
 

 The principle of
 
 contra non va-lentem
 
 “-will not exempt the plaintiffs claim from the running of prescription if his ignorance is attributable to his own | inwilfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned.”
 
 Renfroe v. State ex rel. Dept. of Transp. and Development,
 
 2001-1646, p. 10 (La.2/26/02), 809 So.2d 947, 953.
 

 If an opportunity is afforded to a party to know and to learn about a certain matter bearing on his interest and he fails or refuses to profit by it, if he closes his eyes to the notice spread before him and shuts his ears to oral information directly imparted to him, the law will hold him as bound by the same, and as fully notified as if he had taken thorough personal cognizance at the time of the information imparted and of the notice given.
 

 Monson v. Travelers Property & Cas. Ins. Co.,
 
 09-267, p. 6 (La.App. 5 Cir. 12/8/09), 30 So.3d 66, 70,
 
 writ denied,
 
 2010-0043 (La.3/12/10), 28 So.3d 1030;
 
 Caro v. Bradford White Corp.,
 
 96-120, p. 6 (La.App. 5 Cir. 7/30/96), 678 So.2d 615, 618.
 

 As the defendants point out, the plaintiff admitted on the face of his petition that he was aware of a potential title discrepancy in his act of sale; indeed, he was asked to execute an act of correction a little over a month after the sale. Further, the 1992 survey of the property clearly indicated a discrepancy as to the description of the property.
 

 We find the trial court did not commit manifest error in determining that the plaintiffs claims have prescribed.
 

 First, the plaintiff was put on notice of the alleged discrepancy no later than 1992; hence, the time within which to file suit began running at latest in 1992. Yet the plaintiff took no action until sending his demand letter in 2006, and he did not file suit until 2008. Clearly, the five-year period under La. C.C. art. 2031 expired before the suit was filed.
 

 In addition, as the trial court found, the 10-year prescription for personal actions also was tolled. The act of sale, and the subsequent act of correction, took l^place in 1984. The survey, even if it indicated a fraudulent transaction, was rendered in 1992. The 10-year period for personal actions under La. C.C. art. 3499 also had lapsed by the time suit was filed in 2008.
 

 We note that the judgment on appeal does not address all the claims made by the plaintiff, only his claims as to certain of the defendants. The judgment is a partial final judgment; hence, we remand the matter for further proceedings as to the remainder of the claims and defendants.
 

 DECREE
 

 For the foregoing reasons, the judgment is affirmed. The matter is remanded for further proceedings regarding the remaining defendants. Costs of this appeal are assessed against the plaintiff, Kelvin Noble.
 

 AFFIRMED AND REMANDED.
 

 [1]
 

 . Henry Melius and Althea Melius Cambre, two of the original sellers, had died in the interval between the sale and the filing of the lawsuit. Therefore, the plaintiff sued their heirs: Katherine Barth Melius, Donna Melius Jolly, David Barth Melius, Sr., and Dr. Brian Hemy Melius as the heirs of Henry C. Melius; Leonce Edgar Cambre and Diane Lucille Cambre Joseph as the heirs of Althea Melius Cambre.
 

 [2]
 

 . The survey, attached to the petition as Plaintiff’s Exhibit C, is dated June 23, 1992.
 

 [3]
 

 .The seller defendants are Metairie Small Animal Hospital, Inc. ("MSAH”); Thomas Melius; David Melius, Brian Melius, and Donna Melius Jolly on behalf of the Estate of Hemy C. Melius; and Dianne Jacob and Leonce Edgar Cambre on behalf of the Estate of Althea Cambre. Katherine Barth Melius, also alleged to be an heir of Henry C. Melius, appeared only through a general denial filed by a curator ad hoc.
 

 [4]
 

 . At first Metairie Small Animal Hospital was represented by different counsel from the counsel representing Thomas Melius, the heirs of Henry Melius, and the heirs of Althea Cambre. Eventually counsel for the Melius heirs took over defense of Metairie Small Animal Hospital, so now all the seller defendants are represented by one counsel, except for Katherine Barth Melius.