MURPHY, J.
hln this worker’s compensation case, plaintiff/appellant appeals the Office of Workers’ Compensation judge’s ruling that granted defendant/appellee’s exception of prescription. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Appellant, Don Giorlando (“Giorlando”), alleges that he was injured on or about April 11, 2006, while working in the course and scope of his employment with appellee, Lowe’s Home Centers, LLC (“Lowe’s”). In *295 the six years that followed, Giorlando received $98,746.78 in indemnity benefits and $127,904.26 in medical benefits. On August 18, 2012, the parties submitted a “Joint Petition For Partial Approval Of Worker’s Compensation Settlement,” wherein it was agreed that Lowe’s would pay Giorlando the sum of $48,500.00 in “settlement of all past, present and future claims for indemnity benefits and all past reimbursable medical expenses” related to Giorlando’s alleged accident. In the settlement, Lowe’s disputed “the nature, extent and causal relationship between [Giorlando’s] injury and the accident in question as well as the need for ongoing medical care.” The settlement document further contained the specific stipulation that the parties were “not settling [Giorlando’s] medical care” and that “all parties reserve all rights as it relates to receipt of [Giorlando’s] future medical benefits.” Lowe’s agreed to “continue to pay for reasonable and necessary documented medical benefits” while the approval of a Medicare Set A Side (“MSA”) by the Centers for Medicare and Medicaid Services (“CMS”) was pending. The Office of Worker’s Compensation (“OWC”) judge for District 7 approved the settlement in an order dated August 13, 2012.
On September 18,2015, Giorlando filed a Disputed Claim For Compensation and a Motion To Compel Authorization/Payment For Examination By Physician Of Choice. Lowe’s filed an Answer to the disputed claim and further | ¿filed a peremptory exception of prescription, which was granted on January 5, 2016, following a hearing on November 20, 2015. This timely appeal follows.
ASSIGNMENT OF ERROR
Giorlando’s sole assignment of error on appeal is that the OWC judge erred in holding that the doctrine of contra non valentum was not applicable to the facts of this case and, accordingly, granting Lowe’s exception of prescription.
LAW AND ANALYSIS
In its exception of prescription to Gior-lando’s disputed claim for compensation, Lowe’s asserted that Giorlando had not made any requests for authorization of medical treatment or for the processing of medical bills for over three years prior to when the disputed claim for compensation was filed. Lowe’s also stated that Giorlan-do had not requested that its counsel reimburse him for any medical bills or to authorize any medical treatment subsequent to the August 13, 2012 settlement agreement between the parties. Lowe’s argued that Giorlando’s most recent claim for compensation was therefore prescribed under La. R.S. 23:1209(C), which provides:
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
At the November 20, 2015 hearing on Lowe’s exception of prescription, Lowe’s introduced several exhibits into evidence, including: a copy of Giorlando’s disputed claim for compensation, which showed an alleged accident date of April 11, 2006; the joint petition for partial approval of the settlement and order of approval, dated August 13, 2012; the affidavit of claims adjuster for Lowe’s, Michelle Luna, which stated that the last payment for Giorlan-do’s medical treatment was March 1, 2012, and; the affidavit of Justin Emerson, from *296 Sedgwick |sClaims Management, which stated that he had not authorized any settlement of Giorlando’s medical claim, or communicated any settlement offers or acceptances of settlement on behalf of Lowe’s, since August 18, 2012. As will be discussed below, Giorlando introduced into evidence correspondence between Lowe’s counsel and counsel for Giorlando.

Prescription

The standard controlling review of a peremptory exception of prescription requires that the appellate court strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Noble v. Estate of Melius, 10-549 (La.App. 5 Cir. 8/9/11), 62 So.3d 222. Ordinarily, the movant bears the burden of proof at the trial of an exception of prescription. In re Manus, 10-82 (La.App. 5 Cir. 5/25/10), 40 So.3d 1128, writ denied, 10-1460 (La. 10/1/10), 45 So.3d 1099. If evidence is introduced at the hearing on the peremptory exception of prescription, the district court’s findings of fact are reviewed under the manifest error-clearly wrong standard of review. Lee v. Prof'l Const. Services, Inc., 07-865 (La.App. 5 Cir. 3/11/08), 982 So.2d 837, 840, writ denied, 08-0782 (La. 6/6/08), 983 So.2d 919. “If .the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Id.
In the incorporated reasons for judgment, the OWC judge indicated her findings that Giorlando had not made a request for medical treatment since March 1, 2012, which was before the parties had agreed on a partial settlement. The court also noted that the settlement between Giorlando and Lowe’s reserved all claims and defenses related to Giorlando’s future medical treatment. The court observed that none of the correspondence submitted by Giorlando “memorialized a settlement of the medical claim,” but rather showed that Lowe’s was waiting for approval of a MSA allocation by CMS “to determine if they would settle the Rmedical portion of the claim.” Giorlando was advised of Lowe’s decision not to settle the medical portion of the claim on February 13, 2015. The court concluded that at the time Gior-lando filed the current disputed claim for compensation on September 18, 2015, his claim for medical benefits had prescribed.
After considering the entire récord, we find the OWC judge’s findings were reasonable. The date of the alleged accident at issue was April 11, 2006. The parties entered into a partial settlement on August 13, 2012, which specifically and unequivocally excluded any claims for Gior-lando’s future medical benefits. It is not contested that there was no medical claim filed by Giorlando from the time of the partial settlement until September 18, 2015. Because over three years had passed from the time that Lowe’s made the last payment of medical benefits, on March 1, 2012, Giorlando’s claim was prescribed on its face under La. R.S. 23:1209(C).

Contra non valentum

When a workers’ compensation claim is prescribed on its face, the claimant bears the burden of showing the running of prescription was suspended or interrupted in some manner. Jonise v. Bologna Bros., 01-3230 (La. 6/21/02), 820 So.2d 460. On appeal, as he did in opposition to Lowe’s exception of prescription, Giorlan-do argues that after the parties had reached a settlement on indemnity, there was an ongoing discussion between his attorney and counsel for Lowe’s regarding the settlement of his future medical claim. Giorlando asserts that the medical claim settlement was contingent upon Lowe’s receiving approval of a MSA allocation by *297 CMS. Giorlando states that Lowe’s used the pending approval of the MSA to “lull” him into inaction, while Lowe’s assured him that the two parties had an agreement to settle his medical claim. The record shows that CMS mailed a copy of its MSA approval to Giorlando on December 26, 2014. Giorlando’s counsel was informed on February 13, 2015, that Lowes had received the MSA decision, but | Bthat it had opted not to settle the medical portion of his claim. Giorlando concludes that his disputed claim for compensation was filed within one year of Lowe’s refusal to settle, and further that the judicial doctrine of contra non valentum interrupted prescription. In its January 5, 2016 judgment, the OWC judge found that “the doctrine of contra non valentum is not applicable to the facts of this case.”
The doctrine of contra non va-lentum was created as an exception to the general rules of prescription. Watters v. Dep’t of Soc. Servs., 11-1174 (La.App. 4 Cir. 3/14/12), 102 So.3d 118, writ denied, 12-1146 (La. 9/14/12), 99 So.3d 32. There are four situations in which the doctrine of contra non valentum can be applied to suspend the running of prescription:
(1) where there was some legal cause which prevented courts or their officers from taking cognizance of or acting on plaintiffs action;
(2) where there was some condition coupled with' contract or connected with proceedings which prevented creditor from suing or acting;
(3) where defendant himself has done some act effectually to prevent plaintiff from availing himself of his cause of action; and
(4) where some cause of action is not known or reasonably knowable by plaintiff, even though his ignorance is not induced by defendant.
Standard Fire Ins. Co. v. Safeguard Storage Properties, L.L.C., 04-794 (La.App. 5 Cir. 1/25/05), 894 So.2d 502. However,, contra non valentum only applies in “exceptional circumstances,” and must be strictly construed. Id.
In the instant case, Giorlando argued in opposition to Lowe’s motion that its exceptions to prescription fell under categories two and three, noted above. This Court considered a similar argument in Roussell v. V.J. Rollo Sec. Serv., 10-245 (La.App. 5 Cir. 10/12/10), 50 So.3d 900. In that case, in 2002, the claimant, Ms. Roussell, was injured in the course and scope of her employment and was provided with medical and indemnity benefits from LWCC on behalf of the employer. However, no indemnity or medical payments were made on Ms. Roussell’s behalf after approximately one year, in 2003. In 2009, Ms. Roussell filed a Disputed | flCIaim for Compensation, and the employer filed a'filed an exception of prescription, arguing that Ms. Roussell’s claim for worker’s compensation benefits had prescribed and should be dismissed. In opposition to that exception, Ms. Roussell argued that, pursuant to contra non valentum, prescription was suspended because her employer “lulled her into a false sense of security by promising to take care of her.” The OWC judge granted the employer’s exception. In affirming the ruling of the OWC court, this Court noted that in order, for a claimant to prove that her tardiness in filing a worker’s compensation claim was due to being lulled into a false sense of security by the employer, a worker’s compensation claimant must show that words, actions, or inac-tions on the part of the employer caused her forbearance. Id. at 903. We concluded that Ms. Roussell presented no evidence to demonstrate that her employer promised to pay for any medical expenses or other benefits after 2003.
*298 In Ehrhardt v. Jefferson Parish Fire Dep’t, 12-319 (La.App. 5 Cir. 1/30/13), 108 So.3d 1223, this Court considered the issue in a worker’s compensation case of whether a proposed settlement agreement, which had not yet been judicially approved, was a sufficient cause to serve as an interruption to prescription. In that case, claimant counsel’s subjective belief was that there was an agreement between the parties, while settlement discussions were underway, to allow the pending claim to be refiled without objection following a voluntary dismissal. However, when the claim was re-filed, the employer filed an exception of prescription that was granted by the OWC judge. In upholding the ruling of the worker’s compensation court, we noted, in the context of interruption of prescription by acknowledgment, that:
[t]here is jurisprudence which holds that “[i]n a workers’ compensation case, a compromise settlement is not binding and enforceable until it has been judicially approved.” In re Succession of Tilley, 99-64 (La.App. 3 Cir. 6/2/99), 742 So.2d 9, 12. Thus, although 17a proposed settlement agreement was reached in the instant case, that agreement was never judicially approved by the OWC.
Id. at 1230.
In the instant case, after a review of the record and, specifically, the correspondence between the parties, we cannot say that the OWC judge was clearly wrong in finding that contra non valentum is not applicable to the facts. As discussed above, approximately six years elapsed from the date of the alleged accident until the parties entered into a partial settlement, which excluded any claims for Giorlando’s future medical benefits. Prior to that time, although an email exchange between Gior-lando’s counsel and Lowe’s attorney Leah Rhodes on August 2 and 3, 2012, discusses a MSA, it does not resolve the issue, as evidenced by only a partial settlement of Giorlando’s claims. While emails between Giorlando’s counsel and Lowe’s attorney Deanne McCauley in 2014 referred to a MSA and a “possible full and final medical settlement,” and “an attempt to settle the medical portion of the claim,” there is no evidence that such an agreement ever took place.
There is also no evidence[1] in the record to explain why, in spite of the fact that Lowe’s had agreed to continue making medical payments through the time that a MSA was approved, Giorlando did not make any request for authorization of medical treatment nor payment of any medical bills after March 1, 2012, prior to the time that his claim for medical benefits prescribed three years later.[2]
Similar to Ehrhardt, supra, even if an agreement to settle Giorlando’s future medical claims had been discussed between the parties, the record does not show it was commemorated in writing and, more importantly, it was not approved by the IsOWC judge. As in Roussell, supra, we find that Giorlando did not present evidence that Lowe’s lulled him into inaction with a promise to pay his future medical expenses. Thus, there is no basis to find contra non valentum applicable. Accordingly, in the absence of a written *299 agreement between the parties that was approved by an OWC judge, Giorlando’s disputed claim, which was filed over three years from Lowe’s last payment of medical benefits, was prescribed under La. R.S. 23:1209(C).
DECREE
Accordingly, for the reasons stated herein, the judgment granting Lowe’s exception of prescription is affirmed. All parties are to bear their own costs of this appeal.
AFFIRMED

. At the hearing on Lowe's exception, counsel for the claimant suggested that Giorlando had "stood down in trying to actively treat” in order to keep the pending MSA amount lower. However, the arguments of counsel are not considered evidence. Roberts v. Owens-Corning Fiberglas Corp., 03-0248 (La.App. 1 Cir. 04/02/04), 878 So.2d 631, writ denied, 04-1834 (La. 12/17/04), 888 So.2d 863.

. Lowe's put plaintiff on notice of its refusal to settle the medical portion of the claim in its February 13, 2015 letter, dated approximately two weeks before prescription.