CHAISSON, J.
*516 In this case arising from a trip-and-fall accident, Irma Honor appeals a May 8, 2018 judgment of the trial court sustaining an exception of prescription filed by Huff Management Co., Inc., and dismissing Ms. Honor's case with prejudice. For the following reasons, we affirm the judgment of the trial court.
FACTS & PROCEDURAL HISTORY
On September 5, 2017, Ms. Honor filed a petition for damages against the initial defendant, Livingston Management, Inc. ("Livingston"), alleging that she was injured on September 7, 2016, when she tripped and fell at the Normandy Village Apartments in LaPlace, Louisiana. One month later, Livingston filed an answer to Ms. Honor's original petition in which it asserted that, at the time of the alleged fall, it was neither the owner nor manager of Normandy Village Apartments, and that it had not managed the apartments since May 1, 2012. On December 14, 2018, Ms. Honor filed a First Supplemental and Amending Petition for Damages naming as a defendant for the first time the current owner and manager of the property, Huff Management Co., Inc. ("Huff").
Huff filed a peremptory exception of prescription. After the hearing of the exception, the matter was submitted on the arguments and memoranda alone, with neither party introducing any evidence. Thereafter, the trial court rendered judgment sustaining Huff's exception of prescription and dismissed Ms. Honor's case with prejudice. After the denial of her motion for new trial, Ms. Honor filed this appeal.
DISCUSSION
On appeal, Ms. Honor acknowledges that her Supplemental and Amending Petition naming Huff as a defendant was filed outside the one year liberative prescriptive period allowed for delictual actions under La. C.C. art. 3492. However, she maintains that the trial court erred in sustaining Huff's exception of prescription because the running of the prescriptive period was suspended pursuant to contra non valentum .[1] In particular, Ms. Honor argues that she was unable to ascertain the identity of the property owner and proper party defendant despite reasonable diligence, and therefore, under the fourth category of contra non valentum , also known as the "discovery rule," prescription was suspended and her Supplemental and Amending Petition was timely filed. In opposition, Huff argues that Ms. Honor could have ascertained the owner of Normandy Village Apartments through a simple public records search and that her failure to identify Huff as the proper defendant may only be attributed to her own neglect, thereby depriving her of the benefit of contra non valentum . See *517 Renfroe v. State ex rel. Dep't of Transp. & Dev. , 01-1646 (La. 2/26/02), 809 So.2d 947, 953.
A party pleading prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face; when the face of the petition reveals that plaintiff's claim has prescribed, the burden shifts to the plaintiff to demonstrate that the prescription was suspended or interrupted. Monson v. Travelers Prop. & Cas. Ins. Co. , 09-267 (La. App. 5 Cir. 12/8/09), 30 So.3d 66, 69, writ denied , 10-0043 (La. 3/12/10), 28 So.3d 1030.
On the trial of the peremptory exception, evidence may be introduced to support or controvert any objection pleaded. La. C.C.P. art. 931. In the absence of evidence, an exception of prescription must be decided upon facts alleged in the petition, with all allegations accepted as true. Monson , 30 So.3d at 71. Documents attached to memoranda do not constitute evidence and cannot be considered on appeal. Caro v. Bradford White Corp. , 96-120 (La. App. 5 Cir. 7/30/96), 678 So.2d 615, 618.
Because no evidence was introduced at the trial of the exception, we must examine the Supplemental and Amending Petition, and, accepting the facts alleged therein as true, determine whether Ms. Honor's claim has prescribed. According to the petition, the trip-and-fall accident occurred on September 7, 2016. There are no allegations of facts in the petition indicating what Ms. Honor knew or did not know about the identity of the property owner, or any other facts concerning any efforts, reasonable or otherwise, that she undertook to ascertain its identity. There are no facts alleged in the petition supporting Ms. Honor's contra non valentum argument.
Delictual actions are subject to a liberative prescription of one year, which commences to run from the day the injury or damage is sustained. La. C.C. art. 3492. Ms. Honor filed the Supplemental and Amended Petition naming Huff as a defendant on December 14, 2017, more than one year after the date of her alleged injury; thus, on the face of the petition, her claim is prescribed. Ms. Honor has failed to meet her evidentiary burden to show that the prescriptive period was interrupted or suspended by contra non valentum . Therefore, we affirm the judgment of the trial court sustaining Huff's exception of prescription.
AFFIRMED

Ms. Honor also argued before the trial court that the filing of her Supplemental and Amending Petition related back to the date of filing of the original petition; however, Ms. Honor does not assign as error or brief this argument before this Court, and therefore it is abandoned on appeal.