# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-320

**JOSEPH ALLEN**

**VERSUS**

**DRIVER OF FORD F-150, SERGEANT LASALLE DRIVER,**

**LASALLE CORRECTIONS, LLC AND/OR**

**LASALLE MANAGEMENT COMPANY, LLC**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 41731
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie, Judges.

**AFFIRMED.**

**Edward E. Rundell**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71301**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **LaSalle Corrections, LLC**
     **LaSalle Management Company, LLC**

**Donna Unkel Grodner**
**Grodner Law Firm**
**2223 Quail Run, B-1**
**Baton Rouge, LA 70808**
**(225) 769-1919**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Joseph Allen**

**SAVOIE, Judge.**

Plaintiff Joseph Allen appeals the judgment of the trial court, granting the peremptory exception of prescription filed by Defendants LaSalle Corrections, LLC and LaSalle Management, LLC and dismissing Plaintiff's claims with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Joseph Allen was an inmate with the Louisiana Department of Corrections on March 4, 2019, when the transport van in which he was riding was involved in a vehicle accident. He was being transported from the St. Tammany Parish Jail to the LaSalle Correctional Center at the time of the accident. The route taken went through Mississippi, with the accident occurring near Magnolia, Mississippi as the van merged onto Interstate 55.

Joseph Allen filed a Petition for Damages/Van Wreck via facsimile received by the LaSalle Parish Clerk of Court's Office at 5:43 p.m. on March 3, 2020. The fax-filed copy was filed into the record by the Clerk's Office at approximately 8:36 a.m. on March 4, 2020. On April 29, 2020, the original of the petition was filed into the record.

In response, Defendants LaSalle Corrections, LLC and LaSalle Management Company, LLC filed a Peremptory Exception of Prescription, asserting Joseph Allen's claims were prescribed. After a hearing on the matter, the trial court granted the exception and dismissed the claims with prejudice. Joseph Allen now appeals.

<h1 style="text-align:center">LAW AND DISCUSSION</h1>

I. *Standard of Review*

> The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not.

*Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043 (citations omitted).

In the present case, evidence was adduced at hearing; therefore, we will review this matter under a manifest error standard of review.

II. *Exception of Prescription*

The applicable prescriptive period is found in La.Civ.Code art. 3492, which states, in pertinent part, that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." According to the petition, the accident occurred on March 4, 2019. Mr. Allen fax-filed his petition to the LaSalle Parish Clerk of Court's Office at 5:43 p.m. on March 3, 2020. The fax-filed copy was filed into the record on March 4, 2020, at approximately 8:36 a.m. Louisiana Revised Statutes 13:850 governs the facsimile filing of pleadings with a clerk of court's office. The statute states (emphasis added):

> A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the

original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. **The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.**

**B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:**

**(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.**

**(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.**

**(3) A transmission fee of five dollars.**

**C. *If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect.* The various district courts may provide by court rule for other matters related to filings by facsimile transmission.**

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

The LaSalle Parish Clerk of Court did not receive Mr. Allen's original petition within seven days of the fax-filing. The original was received on April 29, 2020, nearly two months after the petition was received via fax, and is stamp filed as such. Thus, Mr. Allen's petition is prescribed on its face. "[W]here the petition shows on its face that it has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended." *Monson v. Travelers Property & Casualty Ins. Co.,* 09–267 (La.App. 5 Cir. 12/8/09), 30 So.3d 66, 69, *writ denied,* 10–43 (La.3/12/10), 28 So.3d 1030. Accordingly, Mr. Allen bears the burden of proving that his claim has not prescribed.

To this end, Mr. Allen argues that prescription was suspended when he filed a grievance under the LaSalle Correctional Center's Administrative Remedy Procedure (ARP). Mr. Allen testified he was aware of the procedure for filing a grievance and about a week and a half after the accident, he filed a form, in accordance with the ARP, alleging that he had injuries from the accident and that he needed an x-ray. He stated he never received a reply to the filing. He further stated he filed two more grievance forms, but he never received a reply to those either.

John Stuckey, the Chief of Security at the LaSalle Correctional Center, also testified at the hearing. He stated that he is familiar with Mr. Allen's file and with the procedure for filing a grievance. According to Major Stuckey, any ARP grievance form filed by Mr. Allen would be included in Mr. Allen's Department of Corrections (DOC) file. Major Stuckey reviewed Mr. Allen's DOC file and did not find any ARP grievance forms related to the March 4, 2019 accident.

On cross-examination, Mr. Allen admitted that he did not have a copy of any of the grievance forms that he filed, even though the form allows for inmates to turn in a copy of the form, while keeping a copy for their records. The trial court found in its oral ruling:

> [A]ll I have is self-serving testimony of, I filed this, a single sheet paper. And I filed multiple sheet papers but I don't have any copies because they probably came in and ransacked my cell during the time I was there and they threw away stuff. They might have. I don't know if they did or not. There was no indication of whether or not we had copies or anything of that nature. There's no indication that you're telling me that, whether it be La Salle Correctional, whether it be D.O.C. or anybody else that they intentionally didn't put the A.R.P. in his inmate file. I think it's clear from testimony of Major Stuckey that this is the inmate file and anything that would be there, to his knowledge, would be in this file that was filed in Mr. Allen's record. So, you're talking about a lot of speculation. Mr. Allen had self-serving testimony that he filed it.

4

The trial court ultimately found that the self-serving testimony of Mr. Allen, countered by the testimony of Major Stuckey, was not enough to carry his burden of proof that prescription was suspended in this matter. We agree.

"In order to reverse a factfinder's determinations, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous)." *Sanders v. Petrin, L..L.C.*, 19-1625, p. 4 (La.App. 1 Cir. 7/24/20), 309 So.3d 388, 390-91 (citing *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La. 1993). Based on the evidence, we cannot say that the trial court was unreasonable in finding that Mr. Allen failed to prove prescription was suspended in this matter. Therefore, trial court was not manifestly erroneous in finding that this matter has prescribed.

## CONCLUSION

For the foregoing reasons, the trial court's December 16, 2020 judgment, granting the exception of prescription filed by LaSalle Corrections, LLC and LaSalle Management Company, LLC, and dismissing Joseph Allen's claims with prejudice, is affirmed. Costs of this appeal are assessed against Joseph Allen.

**AFFIRMED.**